## Kohn et al. v. Kennedy.

1. PRACTICE—SEALED VERDICTS.
Jurors may, by order of court, if they arrive at a verdict during recess reduce it to writing, seal it, and separate. But the verdict must be retained by the jury or by some member thereof, and be by the jury delivered to the court.

2. JURY, SEPARATION OF.
Although a jury may be allowed to separate after having sealed a verdict, they must be called at the opening of court and asked whether they have agreed upon their verdict.

3. VERDICT—OBJECTION.
Irregularity in the reception of a verdict is not waived by a failure to object at the time it was so received.

4. ESTOPPEL.
A party cannot be estopped by his silence, except where he was under some obligation to speak.

*Appeal from the District Court of Lake County.*

Messrs. GUNNELL & BALDWIN, for appellants.

Messrs. MECHEM & FLETCHER, for appellee.

REED, P. J., delivered the opinion of the court.

In July, 1893, suits by attachment were brought by several parties against one I. Myers. The goods in controversy were taken upon such writs by appellee as sheriff. The present suit was brought by appellants, claiming to be the owners of the goods, against the sheriff, appellee, and was an action of replevin, the complaint being in the usual form. The defendant answered, justifying under the writs of attachment; a trial was had to a jury, which closed late in the day or in the evening, and the jury were instructed by the court that if they agreed before morning they could return a sealed verdict. The jury retired, reached a conclusion, finding for the defendant, and that the goods were of the value of $1,675, and allowing damages of $58.02, which was put in the form of a verdict, signed by the foreman, sealed, and by the jury delivered to the *bailiff* in charge of the jury, and the jury dispersed.

On the incoming of court the following morning, the sealed envelope was by the bailiff handed to the court, by him to the clerk, by whom it was read and entered of record as the verdict of the jury. The jury was not called, nor were they in their seats. Counsel excepted to the verdict, moved to set it aside, assigning as ground for such motion, among others, the following :

" *First.* Irregularity in the proceedings of the court in this, to wit :

" That the court received and caused to be read as a verdict of the jury, without the presence of the jury, and in their absence, and without asking them whether they had agreed upon the verdict or whether the paper so read was their verdict; and because said jury did not bring into court the said paper purporting to be a verdict at the opening of the court, contrary to the form of the statute in such case made and provided."

Counsel for plaintiffs filed an affidavit in support of the motion made by Baldwin, attorney for plaintiff, and defendant's counsel caused to be filed an affidavit of Brown, his attorney, and one Louis Janowitz, a member of the jury,

opposing the motion. · The tenor and contents of the different affidavits are unimportant, as the court made and reduced to writing its finding overruling the motion, which fully embraces all the facts necessary for a full understanding. It is as follows :

" Now on this day the motion for a new trial heretofore filed by the plaintiffs herein coming on to be heard, and the plaintiffs appearing herein by Messrs. Gunnell & Baldwin, their attorneys, and the defendant appearing herein by J. E. Robinson, his attorney, and the court having considered the affidavit of Frank L. Baldwin filed herein by plaintiffs in support of their motion for a new trial, and the affidavits of Louis Janowitz and Frank Brown, read and filed herein by defendant in opposition thereto, and the arguments of the respective counsel, and having duly considered the same and being fully advised in the premises, doth hereby find :

" That upon the reception of the sealed verdict herein, the names of the jury were not called and they were not asked whether they had agreed upon a verdict, but doth further find that the said jury were directed by this court, upon retiring to deliberate upon their verdict, that they should return in the court a sealed verdict; that such verdict was agreed to by the jury during a recess of the court and was by them reduced in writing, signed by their foreman under their direction, sealed and returned in court the next morning ; that said jury were all present in open court when said verdict was returned into court, opened and read, but were not called into the jury box, and that said verdict was read in open court and in the presence of said jury, and that none of them expressed any dissent therefrom ; that the plaintiffs were present by their counsel in court when said verdict was returned into court, opened, read and entered as aforesaid, and made no objection whatever to the reception of the verdict in the manner aforesaid, and did not ask that the names of said jury be called or that they be asked whether they had agreed upon a verdict, and did not ask to have said jury polled.

" Now, therefore, on motion of J. E. Robinson, attorney for said defendant, it is hereby ordered that said motion for a new trial be and the same is hereby denied ; and it is further ordered that judgment be entered herein in accordance with the verdict of the jury, and that the same be recorded in the judgment book.

" To which ruling the plaintiffs by counsel duly except."

The only ground urged and relied upon for reversal by counsel for appellants is the error or irregularity in regard to the verdict.

The following are the provisions of the Civil Code in regard to the rendition of verdicts :

SEC. 194. * * * "The court may direct the jury to bring in a sealed verdict at the opening of the court, in case of an agreement during a recess or adjournment for the day. A final adjournment of the court for the term shall discharge the jury."

SEC. 195. " When the jury have agreed upon their verdict, they shall be conducted into court by the officer having them in charge. Their names shall then be called, and they shall be asked by the court or the clerk whether they have agreed upon their verdict, and if the answer be in the affirmative, they shall, on being required, declare the same."

The law is specific and peremptory and cannot be disregarded by court or counsel. It is wisely and humanely provided for the comfort and convenience of jurors that they may, by order of court, if they arrive at verdict during the recess of the court, reduce it to writing, seal it and separate ; but there is no provision for its delivery to the bailiff or other person as custodian. It must be retained by the jury, or some member of it, and be by the jury delivered to the court, and although allowed to separate, its organization as a jury must remain intact, and on the assembling of court must be called, and as an aggregate, a unit, be asked by the court or the clerk " whether they have agreed upon their verdict." If the answer is in the affirmative, the sealed verdict may be delivered to the court, and if in form the jury may be dis-.

charged from the case (Civil Code, sec. 197), and until they
are so discharged they are not relieved of the duties of a jury
pertaining to the case.    The fact that the persons composing
the jury were in the assembly was of no importance.    They
were there as individuals, not as a jury, and for all legal pur-
poses in connection with the supposed verdict might as well
have been scattered over the county at their respective homes.
Nor could the identity of the paper produced be established
by the affidavit of a member.    Admitting its identity, and
that it was regularly found and sealed (and the reverse is not
claimed), it was not a verdict until the law was complied
with and the verdict received in court from the jury.

The provisions of the code are wise and necessary to the
honest administration of justice, although in this case there is
no question as to the honesty of the transaction.    To legalize
such practice would open a door to fraud and abuse, enabling
one member of a jury with the aid of a bailiff to impose upon
the court and litigants.

The fact that counsel for plaintiffs were in court and made
no objection, as found by the court and relied upon by counsel
for defendant, cannot in any aspect of the case be regarded
as important or controlling.    The proceeding and adjudica-
tion as to whether it was or was not a verdict was extra-
judicial.    There is no statutory authority for determining the
authenticity of a verdict as a question of fact upon affidavits.
Hence, the finding of the facts by the court was of no value
to give the paper returned validity.

It is contended by counsel for defendant, in argument,
that the entry by the clerk that "the sheriff delivered to
the court the sealed verdict returned to him by the jury"
was wholly unauthorized and should be disregarded.    It is
conceded that the statement was true.    It was necessary to
show that the paper in some way got to the court, and, as it
was not presented by the jury, the clerk could not falsify his
records to make them show the receipt of it in the ordinary
way.    The records of the court are under the control of the
judge.    If an improper entry has been made, or there is an

omission, counsel can only suggest the fact to the court for correction.

Counsel for appellee contend that by reason of the presence of appellants' counsel and their silence, " appellants are estopped from contesting the regularity and validity of the rendition and reception of the verdict," and many authorities are cited supposed to sustain the contention; but in this case the doctrine of estoppel can have no application. A party cannot be estopped by his silence, except where he is under some obligation, either legal or moral, to speak. There was neither in this case. The reception of the verdict was one of ordinary routine duties of the court, plainly and clearly defined by the law,—a matter in which counsel was not required or expected to participate. If wrong, the aggrieved party could except, as in this case, urge it upon a motion to set aside the verdict, and, if unsuccessful, go to a court of review.

We conclude that there was a mistrial, and no verdict upon which a judgment could be based.

The judgment will be reversed and cause remanded for a new trial.

*Reversed.*