## No. 16,068

SOWDER *v.* INHELDER.
(201 P. [2d] 533)

Decided December 27, 1948.

Messrs. ROLFSON & HENDRICKS, for plaintiff in error.

Mr. RICHARD D. DITTEMORE, Messrs. AUSTIN & KONKEL, for defendant in error.

*In Department.*

Mr. Justice Alter delivered the opinion of the court.

Glenn Inhelder, hereinafter referred to as plaintiff, brought an action in the county court against Gene F. Sowder, hereinafter referred to as defendant, to recover damages allegedly sustained as a result of an automobile collision. Without objection the cause was transferred to the district court, and was therein tried before a jury, which returned a verdict for plaintiff in the sum of $372.99. Judgment having been entered on the verdict, defendant seeks a reversal by writ of error.

The specifications of points are four in number, but are consolidated, presented and argued by defendant under two subdivisions, viz.: 1. "No valid verdict was reached upon which judgment could be had." 2. "The Court erred in refusing to consider the affidavits of jurors."

█ 1. The case was submitted to the jury on June 27, 1947, on instructions to which there was no objection. It having failed to reach a verdict at the usual time of the adjournment of the court, a conference was held between the court and the attorneys with reference to the reception of the jury's verdict in event of an agreement in the absence of the court. It was understood by the court, the attorney for plaintiff, and the clerk that in event the jury reached its verdict in the absence of the trial judge, the jurors should be brought into court and asked if they had agreed upon a verdict. If the answer was in the affirmative, it should be handed to the clerk, who should read it to the jury and inquire as to their assent thereto. Upon this being done, it should be recorded, and the jurors then discharged from further service. This procedure, as understood by the trial judge, the attorney for plaintiff, and the clerk, was followed meticulously, and, in accordance with the agreement as so understood, defendant's exceptions to the verdict were to be noted, and defendant allowed sixty days within which to file a motion for a new trial.

According to the affidavit of defendant's attorney on file, he had misunderstood the agreement if it was as understood by the trial judge, plaintiff's attorney, and the clerk, and avers therein that he did not know of the reception of the verdict until about July 30, which was more than thirty days after the trial had been completed. Further, upon learning of the reception of the verdict, he "objected to receiving and recording the same, objected to entry of judgment thereon, and moved the Court to declare a mistrial." On overruling the motion for a new trial assigning the alleged irregularity in the reception of the verdict and its recordation, the trial court stated, inter alia:

"It was my thought, as expressed to the attorneys for the plaintiff, and understood by them, that we would save the jurors the inconvenience, and the county the expense, of returning the jury in the morning, in the event they arrived at a verdict. This case was tried at a busy time for farmers. I felt there wasn't any specially good purpose to be served by bringing the five men, and this woman, who was the foreman of the jury, back to court the next morning; and that was the basis of my suggestion, though I did not make it clear enough to the attorney for the defendant. Both attorneys representing the plaintiff understood what was intended; the clerk understood what was intended; and when I left for Sterling that night, I thought that I had made it clear.

"The clerk called me on the telephone, after you had made your last visit, Mr. Hendricks, to the court house. At that time, you made some statement to the effect that you were going home, that the verdict would be a sealed one; and I think the clerk said she didn't believe that you understood what was agreed. I don't know whether you heard her remark or not. But in any event, it was impossible to contact you by phone because you had no phone. When the clerk called me on the telephone, she asked me if she understood what was intended, and she explained to me what was in her mind; and I told her

that what she had related was my understanding of the agreement, and I told her that she should take the verdict, should read it to the jury, in the absence of the court, ask them if it had been agreed upon by them, and that they should then be discharged, if they assented to it.

"The clerk has since advised me that she followed those instructions to the letter. That procedure has also been outlined as having been followed in the affidavit of Mr. Dittemore, which is on file in this case. I told the clerk to allow the defendant 60 days within which to file a motion for new trial, and to note defendant's exceptions to the verdict in order that there should be no prejudice to the defendant, and none of his rights would be jeopardized."

The only Colorado case relied upon by defendant in support of his contention that error was committed in thus receiving the verdict is *Kohn v. Kennedy*, 6 Colo. App. 388, 41 Pac. 510, decided in 1895 under the 1887 Code of Civil Procedure and amendments thereto, and the only case relied upon for construction of our Rules of Civil Procedure is *Thompson v. Davis*, 117 Colo. 82, 184 P. (2d) 133. We believe the Kohn-Kennedy case is easily distinguishable from the instant case because there a sealed verdict was returned; the names of the jurors were not called, and the jurors never were asked whether they had agreed upon a verdict although it does appear that the jurors were all in the body of the courtroom when the verdict was opened and read, but were not in their jury box. It also appears that none of the jurors voiced a dissent to the verdict when the same was read. It was held there that the court erred, and the verdict thus received could not be the basis of a valid judgment. It should be noted that in the Kohn-Kennedy case, section 194 and 195 of the 1887 Code of Civil Procedure, '35 C.S.A., governed the procedure with reference to the reception of sealed verdicts. Our Rule 47 (p) and (q), Rules of Civil Procedure, is substan-

tially the same as sections 194 and 195, supra. There was no order for a sealed verdict here, but, assuming, as counsel for defendant contends, that the verdict was to be a sealed verdict, yet, according to the court's finding, supported by the affidavit of plaintiff's attorney and the statement of the clerk of the court, the jury was brought into court by the officer in charge thereof, their names were called; they were asked by the clerk if they had agreed upon a verdict, and their answer being in the affirmative, the verdict was handed to the clerk, and regularity attended throughout unless we should determine that the trial judge must necessarily be present during this procedure. Rule 61, R.C.P., provides that: "No error in either the admission or the exclusion of evidence and *no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."* (Italics ours.)

As we interpret this rule, unless it should be determined by the trial court or here that irregularity in this proceeding affected the substantial rights of the party, defendant has no right to complain of the action of the trial court in entering its judgment on the verdict, and, further, rule 118 (f), R.C.P., provides: "* * * The supreme court shall disregard any error or defect not affecting the substantial rights of the parties."

Rule 61, supra, in substance, is the same as rule 84 of the Code of Civil Procedure and was adopted long after the decision in *Kohn v. Kennedy, supra.* For our purpose here we hold that a substantial right is one which relates to the subject matter and not to a matter of procedure and form. Here the only serious question

presented is whether the court, instead of the clerk, must receive the verdict. While we do not recommend the practice followed by the trial court here, nevertheless it is not made to appear, and we do not find, that any substantial rights of the defendant were violated by the trial court's procedure. As directed mandatorily in rule 118 (f), supra, we disregard mere technicalities.

Our attention has been called to our decision in *Thompson v. Davis, supra,* wherein, with reference to the mandatory requirements with our Rules of Civil Procedure, we said: "It does not lie within the power of the attorneys, nor within the province of the court, to disregard any of the Rules of Civil Procedure, and the attempt so to do by the stipulation entered into between counsel and approved by the court on June 28, 1945, as well as the stipulation entered into between counsel on October 2, 1945, was ineffectual. * * *"

The matters with which we were there concerned were instructions to be given to the jury, and it is a substantial right of litigants to have the jurors properly instructed as to the law which will govern them in their consideration of their verdict. We were not there concerned with the present Rule 61, supra, concerning "harmless error," but we were there called upon to consider the mandatory requirements of Rule 51, R.C.P.

2. Three of the jurors filed affidavits to the effect that prior to reaching their verdict it was agreed that both parties to this litigation were guilty of negligence. According to these affiants, the jurors discussed the lateness of the hour and the fact that this defendant had been convicted of careless driving in connection with this same auto accident. It was also suggested by the jurors that a verdict against him would perhaps induce him to drive more carefully in the future and it would probably do him no serious harm because he was protected by insurance. After these discussions the verdict was assented to by all of the jurors. It is to be noted that, with the exceptions of the names and the dates

upon which the same were acknowledged, the three affidavits were identical, and each concludes with the statement, "That without such statements affiant would not have consented to said verdict, and affiant does not believe that said verdict is fair or just."

The only Colorado case relied upon to support defendant's contention that the court erred in refusing to consider these three affidavits is *Wharton v. People,* 104 Colo. 260, 90 P. (2d) 615. It seems clear to us that a most casual reading of our decision in *Wharton v. People, supra,* would conclusively distinguish that case from the situation here presented; consequently we do not deem it necessary to quote therefrom. However, we do call attention to the fact that we stated therein that it is undoubtedly a general rule followed in this jurisdiction that a verdict cannot be impeached by an affidavit of a member of the jury. This general rule, in both civil and criminal cases, has been consistently adhered to in this jurisdiction, and we have, without exception, held that arguments, discussions and reasons made and advanced by members of the jury among themselves while considering their verdicts may not be shown by affidavit to impeach a verdict returned by them. *Knight v. Fisher,* 15 Colo. 176, 25 Pac. 78; *Richards v. Richards,* 20 Colo. 303, 38 Pac. 323; *Liutz v. Denver City Tramway Co.,* 54 Colo. 371, 131 Pac. 258; *Ison v. Stewart,* 105 Colo. 55, 94 P. (2d) 701; *Boyles v. People,* 90 Colo. 32, 6 P. (2d) 7; *Welch v. People,* 115 Colo. 42, 170 P. (2d) 781.

It appearing that no substantial rights of the defendant were denied him, the judgment is affirmed.

Mr. Chief Justice Burke and Mr. Justice Hilliard concur.