No. 22047.

JOSEF NOELL AND MAGDALONA NOELL, PARENTS OF NICKO-LAUS NOELL *v.* INTERSTATE MOTOR LINES, INC. AND BILL GENE PRATT.

(444 P.2d 631)

Decided August 26, 1968.

Leland S. Huttner, Nathan Davidovich, for plaintiffs in error.

Wormwood, Wolvington, Renner and Dosh, Donald F. Medsker, for defendants in error.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

This action was commenced by plaintiffs in error, hereinafter referred to as plaintiffs, to recover damages resulting from the death of their son Nickolaus Noell, allegedly caused by the negligence of Bill Gene Pratt in the operation of a truck as the employee of Interstate Motor Lines, Inc. The deceased was riding a motorcycle at the time of the accident resulting in his death.

The issues framed by the pleadings were the usual ones involving negligence of the defendant truck driver, proximate causation, and contributory negligence of the deceased.

The jury resolved the facts in favor of the defendants and judgment entered for the defendants.

As grounds for reversal of the judgment it is argued that the court erred in giving an instruction on contributory negligence.

■■ The record submitted to us fails to show that any objection to any instruction was made by counsel for plaintiffs at the time of the trial, and the issue of an alleged erroneous instruction is not properly raised by the record. We have read the instructions given by the trial court relating to the subject of negligence, contributory negligence, and the doctrine of "last clear chance," and it is apparant that, as a whole, they fairly state the law applicable to the case.

It is also urged, as a ground for reversal, that the trial court should have granted a new trial based upon the affidavit of Dorothy Bailey, one of the jurors, and the testimony which she was permitted to give in support of her affidavit, which were to the effect that she was coerced in giving approval to the jury verdict, and that one of the jurors had failed in his *voir dire* examination to disclose a prejudice which he held against the drivers of motorcycles.

There is no reporter's transcript of the proceedings at the trial in the record before us. There is included excerpts from the *voir dire* of prospective jurors, including the following questions directed to juror Oberholtzer, and the answers given by him.

"MR. HUTTNER: Now, Mr. Oberholtzer, you have heard the questions and you understand the nature of this case?

"JUROR OBERHOLTZER: Yes.

"MR. HUTTNER: Is there anything about it, based on the type of vehicles involved, which causes you to be prejudiced —

"JUROR OBERHOLTZER: No.

"MR. HUTTNER: — either one way or the other toward

Interstate Motor Lines, Mr. Pratt, or the deceased or his parents?

"JUROR OBERHOLTZER: No.

\* \* \*

"MR. HUTTNER: Do you feel that you could follow the instructions? Is there anything about this case that would cause you to hesitate to sit as a fair and impartial juror?

"JUROR OBERHOLTZER: No.

"MR. HUTTNER: Do you feel that you could?

"JUROR OBERHOLTZER: Yes."

With reference to the attempt of the juror Dorothy Bailey to impeach the verdict to which she gave approval, the record discloses that the jurors sealed their verdict, and on the following morning it was read in open court with all jurors present.

The record contains the following:

"Whereupon, the said jurors being polled, each for himself says that this was his verdict and is now his verdict.

"And the verdict being thus received and recorded, the jury is discharged and allowed to separate."

The trial court did not abuse the discretion vested in it to determine the questions raised by the affidavit of the juror who sought to impeach her own verdict. It is sufficient in this connection to direct attention to *Sowder v. Inhelder*, 119 Colo. 196, 201 P.2d 533, from which we quote the following:

"\* \* \* However, we do call attention to the fact that we stated therein that it is undoubtedly a general rule followed in this jurisdiction that a verdict cannot be impeached by an affidavit of a member of the jury. This general rule, in both civil and criminal cases, has been consistently adhered to in this jurisdiction, and we have, without exception, held that arguments, discussions and reasons made and advanced by members of the jury among themselves while considering their

verdicts may not be shown by affidavit to impeach a verdict returned by them. * * *"

The judgment is affirmed.

MR. JUSTICE DAY not participating.