JEFFERSON COUNTY
SCHOOLS, Petitioner,

v.

Harold HEADRICK and the Industrial Commission of the State of Colorado, Respondents.

No. 86CA0559.

Colorado Court of Appeals, Div. II.

Nov. 26, 1986.

Glasman, Jaynes, Carpenter & McBride, Susan D. Steninger Kinsley, John A. Steninger, Denver, for petitioner.

Douglas R. Phillips, Denver, for respondent Harold Headrick.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

STERNBERG, Judge.

Jefferson County Schools (petitioner) seeks review of a final order of the Industrial Commission which determined that Harold Headrick (claimant) had sustained an occupational disease which arose out of and in the course of his employment, and awarded benefits to the claimant. We affirm.

Claimant was employed as a woodshop teacher for fourteen years. His employment exposed him to excessive noise 5–6 hours per day created by various power machines being operated in the shop. In 1982, claimant experienced some difficulty in his hearing and consulted Dr. Jacobson. Certain tests were performed and Dr. Jacobson recommended that claimant wear protective ear pieces when working.

Claimant continued to work, using protective devices when feasible. However, in July 1984, claimant became eligible for, and elected to take, voluntary retirement primarily because of "continued hearing loss from excessive loud machines, with no hope of controlling the noise factor." Claimant's hearing loss was such that a hearing aid would not be effective.

Claimant consulted Dr. Jacobson again in 1984 and 1985. Tests were again performed, the results of which were not significantly different than the test taken in 1982. Dr. Jacobson diagnosed a noise-induced hearing loss. Claimant also consulted Dr. Tabor, who evaluated the tests performed by Dr. Jacobson and diagnosed bilateral sensorineural hearing loss, most likely caused by excessive noise exposure. However, Dr. Tabor noted that, pursuant to the *AMA Guide to the Evaluation of Hearing Impairment*, claimant's percentage of hearing loss was zero. Nonetheless, the *AMA Guide* was explained by Dr. Jacobson as being inaccurate in claimant's case, because it does not take into account the excessive noise claimant is exposed to in his work environment.

The Industrial Commission concluded that claimant's hearing loss was a compensable occupational disease pursuant to the standard set forth in § 8–41–108(3), C.R.S. (1986 Repl.Vol. 3B). The Commission also determined that claimant's "last injurious exposure" occurred while claimant was in petitioner's employ. *See* § 8–51–112(1), C.R.S. (1986 Repl.Vol. 3B); *Royal Globe Insurance Co. v. Collins*, 723 P.2d 731 (Colo.1986). Therefore, petitioner was ordered to pay disability benefits based on claimant's salary, less the amounts he had earned since retirement.

On review, petitioner first contends that the Commission erred in concluding claimant sustained a compensable hearing loss because the *AMA Guide* reveals that claimant has no impairment. We disagree.

■ Dr. Jacobson's opinion that the *AMA Guide* was inapplicable to claimant's circumstances was given credence by the Commission. Although there was conflicting evidence on this issue, since there is support in the record for the Commission's conclusion, we are bound on review. *See Gelco Courier v. Industrial Commission*, 702 P.2d 295 (Colo.App.1985).

■ Petitioner also asserts that because the audiograms taken in 1982, 1983, and 1984 were virtually the same, and occurred during the time when claimant was still working, the only logical inference is that claimant's hearing loss was not noise-induced. We do not agree. Both physicians testified that the hearing loss was noise-induced and the Commission so found. There being substantial evidence to support this finding, we are again bound on review. *Gelco Courier v. Industrial Commission, supra.*

■ Petitioner next contends that since claimant continued to work for two years after his hearing loss was diagnosed and his hearing evaluation did not change, it is clear the hearing loss is not disabling. Again, we disagree.

Claimant testified that during the two-year period he was forced to go into a separate office in order to hear anyone speaking to him face to face. Claimant also stated that this limitation prevented him from properly performing an integral part of his duties, *i.e.*, conversing with students and other staff members. He further stated that he continued to work during the last two years only because he was not then eligible to retire. This evidence is sufficient, if believed, to establish that claimant's hearing loss was disabling.

■ We do not read the applicable statutes or cases to permit disability benefits only in those cases in which the disease is so overwhelming that it physically prevents a worker from even attempting to perform his duties. The very nature of claimant's disease obviously does not affect his ability to appear at work and make an attempt to teach. However, if, as here, a worker is unable to perform his job duties effectively and/or properly, disability is established. *See* 2A Larson, *Workmen's Compensation Law* § 57.31 (1986) (Finding of disability not precluded because worker continues to perform job duties because of economic necessity).

■ We also disagree with petitioner's contention that the Commission erred in failing to find that claimant's voluntary retirement was unrelated to his hearing loss. Although claimant's letter of resignation cited several reasons, claimant testified that his hearing loss was the primary reason. This testimony was found to be credible, and we are not at liberty to determine otherwise on review. *See Varsity Contractors v. Baca,* 709 P.2d 55 (Colo. App.1985); § 8–53–120, C.R.S. (1986 Repl. Vol. 3B).

Petitioner's final contention is that the Commission erred in finding the subject employment was the "last injurious exposure." We disagree.

■ Claimant testified that he has done some shop repair work subsequent to his retirement while self-employed and used the same machines as he did while teaching. However, claimant stated that when doing so he always wore protective devices.

Claimant also stated that the resulting noise was minimal because he did only light projects which made less noise, and because he ran only one machine at a time unlike the situation that existed during his employment, where students were running many machines simultaneously. This evidence was sufficient from which to conclude that the functions claimant performed while he was self-employed did not expose him to excessive noise.

This testimony, coupled with both physicians' testimony that claimant's hearing loss was caused by exposure to *excessive* noise, was sufficient for the Commission reasonably to infer that the activities claimant performed while self-employed did not constitute an "injurious exposure." *See Royal Globe Insurance Co. v. Collins, supra.* Hence, we are again bound by the Commission's finding. *See American Metals Climax v. Cisneros,* 195 Colo. 163, 576 P.2d 553 (1978).

The order is affirmed.

SMITH and KELLY, JJ., concur.