**Tammy Ann COBBIN, a minor by her natural mother and best friend, Shirley COBBIN, Plaintiff-Appellant,**

**v.**

**The CITY AND COUNTY OF DENVER, a municipal corporation, and its Department of Social Services, Defendants-Appellees,**

**and**

**The State of Colorado, and its Department of Social Services, Defendants.**

No. 85CA0433.

Colorado Court of Appeals, Div. III.

Feb. 19, 1987.

Maley & Schiff, P.C., John T. Maley, Denver, for plaintiff-appellant.

Stephen H. Kaplan, City Atty., Frank A. Elzi, Asst. City Atty., Denver, for defendants-appellees.

KELLY, Judge.

In this action to recover for personal injuries, the plaintiff, Tammy Ann Cobbin, by her natural mother and next friend, Shirley Cobbin, appeals from the trial court order dismissing two defendants, the City

and County of Denver and its Department of Social Services. We affirm.

Shortly after Tammy Ann's birth in 1981, the Denver Juvenile Court ordered custody of the infant given to the Denver Department of Social Services (Denver Department). In April 1984, the child was admitted to a Denver hospital suffering from multiple injuries, some of which left her permanently brain damaged. The injuries were allegedly inflicted by unknown persons while the child was in the custody of the Denver Department.

In May 1984, Tammy Ann's natural parents regained custody, and this lawsuit against the Denver Department followed. On the theory of respondeat superior, plaintiff also joined, as defendants, the City and County of Denver, the State of Colorado, and the State Department of Social Services (State Department). The complaint alleged that plaintiff's injuries would not have occurred but for the negligence or deliberate acts of some person or persons whose conduct was subject to the control of the Denver Department.

Denver moved to strike the Denver Department as a defendant on grounds it was not a suable public entity and to dismiss Denver based on the doctrine of sovereign immunity. The trial court granted the motion and entered judgment in favor of these two defendants.

## I.

■ In this case of first impression, plaintiff asserts that the trial court erred in dismissing Denver from the lawsuit. Plaintiff contends that Denver has waived sovereign immunity by covering, through self-insurance, any liability to which it might be subjected. We disagree.

Plaintiff argues that any public entity which elects to insure itself against liability pursuant to § 24–10–115(2)(a), C.R.S. (1982 Repl. Vol. 10) is an authorized insurance company from which it has "provided" or purchased insurance. Thus, such an entity, here the City and County of Denver, has "purchased" insurance and has waived sovereign immunity under the provisions of § 24–10–104(1), C.R.S. (1982 Repl. Vol. 10).

We decline to adopt such a strained interpretation of the statutes. Section 24–10–114, C.R.S. (1982 Repl. Vol. 10) unambiguously states that self-insurance "as permitted in this article shall *not* be considered insurance coverage." (emphasis added) This is consistent with the General Assembly's stated intention that a public entity which is otherwise immune from liability under the Governmental Immunity Act has, nevertheless, waived its immunity if it "provides liability insurance coverage *provided by an insurance company* authorized to do business in this state ..." Section 24–10–104, C.R.S. (1982 Repl. Vol. 10) (emphasis added).

Thus, Denver's self-insurance did not constitute a waiver of sovereign immunity, and since § 24–10–106, C.R.S. (1982 Repl. Vol. 10) does not contain any other explicit sovereign immunity exception upon which plaintiff can base a claim for relief against Denver, the trial court did not err in dismissing it from the lawsuit.

## II.

Plaintiff also contends that the trial court committed reversible error in granting the motion to strike the Denver Department of Social Services as a party defendant. Plaintiff argues that the Colorado Social Services Code, § 26–1–101, et seq., C.R.S. (1982 Repl. Vol. 11), makes the Denver Department a statutory agent of the State and its Department of Social Services. Thus, the plaintiffs assert that the Denver Department is a public entity as defined under the Colorado Governmental Immunity Act, § 24–10–103, C.R.S. (1982 Repl. Vol. 10) and is, therefore, a proper party in the case.

We agree with plaintiff that the Denver Department is a proper party; however, we decline to vacate the trial court order because the Department is not a necessary party for an adjudication on the merits.

■ Section 26–1–115, C.R.S. (1982 Repl. Vol. 11) requires each county to set up a department of social services. Each county department is an agency of the State Department and is "charged with the ad-

ministration of public assistance and welfare and related activities ... in accordance with the rules and regulations of the state department." Section 26–1–118, C.R.S. (1982 Repl. Vol. 11). The social services programs are matters of exclusive statewide concern; therefore, the State Department's control of the Denver Department prevails over the powers reserved to the City and County of Denver under Colo. Const. art. XX. *Dempsey v. City & County of Denver,* 649 P.2d 726 (Colo.App.1982).

With limited, specific exceptions, Colorado public entities are immune from liability on all injury claims which are actionable in tort; however, any entity which purchases liability insurance from an authorized insurance company waives its sovereign immunity against liability for any injury for which it has purchased the insurance. Section 24–10–104 and § 24–10–106, C.R.S. (1982 Repl. Vol. 10).

Unlike other public entities, the General Assembly *requires* the State to obtain insurance to cover itself against any injury for which it might be liable; however, it may provide the coverage through self-insurance, an authorized insurance company, or through combining the other methods. Section 24–10–116, C.R.S. (1982 Repl. Vol. 10).

Under the statutory scheme established by the Colorado Social Services Code and the Colorado Governmental Immunity Act, the Denver Department is an agency of the State Department and fulfills the definition of a "public entity" as defined in § 24–10–103, C.R.S. (1982 Repl. Vol. 10). *See Board of County Commissioners v. Merit System Council,* 662 P.2d 1093 (Colo.App.1982); *Nadeau v. Merit System Council,* 36 Colo.App. 362, 545 P.2d 1061 (1975). Where a state or one of its departments makes a public entity its agent with power to act on its behalf and subject to its control, the state and the department can be subjected to liability based on the agent's acts under a theory of respondeat superior. *Kenai Peninsula Borough v. State of Alaska,* 532 P.2d 1019 (Ala.1975); Restatement (Second) of Agency § 224 (1958).

If the agent's act is the only ground for holding the principal liable, the agent is a proper, but not a necessary party. *Lytle v. Kite,* 728 P.2d 305 (Colo. 1986); *Cheney v. Hailey,* 686 P.2d 808 (Colo.App.1984). *See also Bauer v. Southwest Denver Mental Health Center, Inc.,* 701 P.2d 114 (Colo.App.1985) (physician-administrator was not liable for negligence of Center employee, although the Center could be vicariously liable on basis of respondeat superior). If, as in the instant case, the agent is dismissed on procedural grounds, the dismissal does not bar the plaintiffs' claim against the principal based on respondeat superior. *Cheney v. Hailey, supra.*

A plaintiff may join *proper* parties "in one action as defendants if there is asserted against them jointly, severally, or ... any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action...." C.R.C.P. 20. *See Hamm v. Thompson,* 143 Colo. 298, 353 P.2d 73 (1960). It is, however, within the sound discretion of the trial court to drop or strike parties and the decision will not be reversed on appeal unless abuse is shown. *King v. W.R. Hall Transportation & Storage Co.,* 641 P.2d 916 (Colo.1982).

Even if the trial court erroneously strikes a party, this is not a sufficient ground to vacate the order unless the refusal to do so causes substantial injustice to a party's claim for relief. *Sowder v. Inhelder,* 119 Colo. 196, 201 P.2d 533 (1948); C.R.C.P. 61. A party's substantial right is one which relates to the subject matter and not to a matter of procedure or form, and an appellate court should disregard any error which does not affect the substantial rights of the parties. *Sowder v. Inhelder, supra.*

In her complaint, plaintiff alleges no other ground for the liability of the State or its Department of Social Services than respondeat superior. Plaintiff does not contend that the City and County and the Denver Department are necessary parties

to the action or that the merits of her claim cannot be fully adjudicated without those two defendants. Likewise, the plaintiff does not argue that any substantial rights will be prejudiced by not having Denver and the Denver Department as parties in the case. The State and its Department of Social Services are still parties, and nothing in the trial court's decision precludes a trial on the merits based on the plaintiff's theory of respondeat superior. *See* C.R.C.P. 61; *King v. W.R. Hall Transportation & Storage Co., supra.*

 The State has covered its potential for liability by a liability insurance policy; therefore, it has waived the defense of sovereign immunity. Section 24–10–104, C.R.S. (1982 Repl. Vol. 10). However, the Denver Department has not waived immunity by purchasing insurance, nor is there a statutory waiver exception upon which plaintiff can hold it solely liable. Plaintiff's remedy, if any, must come from the State through its waiver of immunity. Hence, if the trial court erred in striking the Denver Department, it was harmless error.

The plaintiff's other contentions of error are without merit.

Judgment affirmed.

TURSI and BABCOCK, JJ., concur.