**CITY OF AURORA, Petitioner,**

v.

**Terry VAUGHN, Division of Labor and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 91CA0468.**

Colorado Court of Appeals,
Div. I.

Dec. 5, 1991.

826

Lavinder Jolliffe Chambers & Lujan, Ann McEntire–Barden, Denver, for petitioner.

Thomas D. Hacker, Denver, for respondent Terry Vaughn.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondents Div. of Labor and The Indust. Claim Appeals Office.

Opinion by Judge SMITH.

Employer, City of Aurora, seeks review of a final order of the Industrial Claim Appeals Panel which awarded workers' compensation benefits to Terry L. Vaughn, claimant. We affirm.

■ Relying, in essence, on *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923), and its Colorado progeny, employer contends that the opinion testimony of Dr. Jacobson concerning claimant's level of hearing impairment should not have been admitted into evidence. We reject this contention.

When applied to the admission of particular expert testimony, the *Frye* standard of "general acceptance within a particular scientific field" has been employed as a special foundational requirement for *novel* or new scientific devices or processes involving the evaluation of physical evidence, such as lie detectors, experimental systems of blood typing, voiceprints, identification of human bite marks, microscopic analysis of gun residue and human leukocyte antigen testing. *See Campbell v. People*, 814 P.2d 1 (Colo.1991); *People v. Hampton*, 746 P.2d 947 (Colo.1987); *People v. Anderson*, 637 P.2d 354 (Colo.1981); *E.M.F. v. N.N.*, 717 P.2d 961 (Colo.App. 1985). Here, however, we are not presented with that type of evidence.

No expert, here, disputed the validity or reliability of the clinical tests utilized by Dr. Jacobson on claimant to take various audiometric measurements of claimant's hearing. These clinical tests included an audiogram as well as tests for air conduction, bone conduction, SVTs, compliance

testing, discrimination testing, tympanograms, stapedial reflexes, and an electronystagmography test. Furthermore, the other experts who conducted audiograms on claimant reached test results similar to those of Dr. Jacobson. Thus, there is no claim here that a *novel* or newly developed scientific device or process was utilized by Dr. Jacobson in making his audiometric measurements. Consequently, *Frye* is inapplicable here.

The conflict which did exist in the experts' testimony merely centered on the interpretation of the results of the audiogram and other tests and the calculation of the final impairment rating. This is a matter properly resolved by the Administrative Law Judge (ALJ).

Employer argues that the ALJ erred in failing to compute claimant's impairment pursuant to the AMA guidelines, as testified to and explained by, its experts. We reject this argument.

Dr. Jacobson's opinion that the American Medical Association guidelines were inapplicable to claimant's circumstances and that his impairment determination, based on the formula proposed by the Committee for Hearing Bioacoustics and Biomechanics of the National Academy of Sciences and Natural Resources Council which relied upon factors more appropriate to claimant's situation, was given more credence by the ALJ as the trier of fact. And, even one of employer's experts agreed that the formula used by Dr. Jacobson more accurately measured claimant's hearing loss than the AMA formula.

The determination of the credibility of expert witnesses may not be disturbed by this court on appeal. *See Eisnach v. Industrial Commission,* 633 P.2d 502 (Colo.App.1981); *Casa Bonita Restaurant v. Industrial Commission,* 624 P.2d 1340 (Colo.App.1981). Furthermore, since there was substantial, although conflicting, evidence to support the ALJ's findings, we are bound by them on review. *See Jefferson County Schools v. Headrick,* 734 P.2d 659 (Colo.App.1986); *Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo. App.1985).

Employer also contends that the evidence does not support the ALJ's award, which represents 47 per cent of the scheduled benefits for total deafness in both ears pursuant to § 8–42–107(2)(hh), C.R.S. (1991 Cum.Supp.). We disagree.

We agree with the Panel that the ALJ reasonably could infer from Dr. Jacobson's testimony that claimant had lost essentially 47 per cent of his ability to perceive, distinguish, and comprehend sounds across the frequencies of human hearing. We also agree with the Panel that this inference, implicitly drawn by the ALJ, supports the award. *See* § 8–42–107(7), C.R.S. (1991 Cum.Supp.).

Since there is substantial evidence to support the scheduled disability award, the ALJ was not compelled to base his award on the lower disability ratings proffered by employer's experts. *See May D & F v. Industrial Claim Appeals Office,* 752 P.2d 589 (Colo.App.1988).

Order affirmed.

PIERCE and DAVIDSON, JJ., concur.