**Laura GLASSHOF By and Through her next friend, Janell GLASSHOF, Plaintiffs,**

v.

**Donald BENTON, M.D., and Prowers County Hospital District, Prowers and Baca Counties, Colorado, Defendants.**

Civ. A. No. 92–Z–744.

United States District Court, D. Colorado.

March 30, 1994.

John Gehlhausen, Lamar, CO and Mark R. Mueller,· David Nagle & Associates, P.C., Austin, TX, for plaintiffs.

Kay J. Rice and Lisa B. Heintz, Cooper & Kelley, P.C., Denver, CO, for defendant Donald Benton, M.D.

F. James Gallo, Gallo & Godfrey, Denver, CO, for defendant Prowers County Hosp. Dist.

## ORDER

WEINSHIENK, District Judge.

This matter came before the Court on defendant, Prowers County Hospital District's Motion For Partial Summary Judgment. Plaintiff filed a response to the motion and the defendant replied. Plaintiff filed a Motion For Speedy Decision On Motion Of Prowers County Hospital District For Partial Summary Judgment. Defendant filed a Request For Oral Argument which was granted and oral argument was heard on December 14, 1993. The Court took the matter under advisement and has reviewed all the pertinent documents, case law, statutes, and legislative history.

Plaintiff suffered alleged injuries as a result of treatment given at Prowers Medical Center, a county operated facility, while her mother was in labor and during the birth process on December 5–6, 1981. The claims brought against the defendants in this matter are for torts resulting in those injuries, thus this cause of action is governed by The Colorado Governmental Immunity Act (the Act) C.R.S. § 24–10–101 to 120. The Act was enacted in 1971; however, over the last two decades it has undergone extensive modification resulting in different versions of the act being in effect in December, 1981, when the

plaintiff was injured and in 1992, when the plaintiff filed suit.

The issues before the Court are what version of the Act should apply to this case and what is the extent of defendant Prowers County Hospital District's potential liability. To the Court's knowledge there are no cases which mirror the one at hand. Specifically, no one allegedly has been injured while the 1981 version of the Act was in effect and filed suit after the 1986 revision was enacted. Therefore, in order to resolve this issue, the Court carefully examined all cases which discussed the act itself and both the legislative intent and natural language of the revisions in question to ascertain the specific meaning of each version and to make a determination as to which version should govern this matter.

■ The Act limits immunity only for injuries actionable under state tort law as it cannot provide immunity from federal causes of action. Thus, when the Act was enacted, state governmental entities began to purchase insurance to protect themselves against liability arising under federal law. By doing so, however, state governmental entities ran the risk of inadvertently waiving their limited tort liability under the Act. *See Concerning Limitations on Judgments in Cases Within Governmental Immunity Statutes: Hearings on S.B. 65 Before the House Comm. on the Judiciary*, 53rd General Assembly of the State of Colorado, 1st Reg. Sess., 1–4 (April 7, 1981).

In 1981, before plaintiff's birth, the legislature attempted to resolve this problem. The 1981 revision of the Act provided a recovery cap of $150,000.00 and it prescribed that

> if the public entity acquires coverage in an amount greater than the limits specified in subsection (1) of this section for the purpose of protecting itself against potential losses under a federal law and if the purchase of such coverage is stated as part of or by an amendment to the insurance policy, such increased limits shall be applicable only to claims brought under the federal law.

C.R.S. § 24–10–114(1)(b) (1973 & Supp.1981). In reality however, this amendment did not resolve the problem because the federal-claims-only insurance coverage that the Legislature envisioned was not available on the market. *See* Governor's Special Task Force On Tort Liability and Insurance, *Liability Insurance and the Law of Torts in Colorado*, 90, 96–97 (January, 1986). Thus, state governmental entities in obtaining insurance over $150,000.00 to cover federal claims inevitably waived their limited state immunity under the statute. The Colorado Court of Appeals explained in *Corbin v. City and County of Denver*, 735 P.2d 214, 216 (1987) that it is the General Assembly's stated intention that "a public entity which is otherwise immune from liability under the Governmental Immunity Act has, nevertheless, waived its immunity if it provides liability insurance coverage . . . ." *Id.* In *Lee v. Colo. Dept. Of Health*, 718 P.2d 221 (Colo.1986), the Colorado Supreme Court further emphasized this position. It held that under the 1981 version of the Act defendant is not liable in excess of $150,000.00 because it did not obtain insurance in excess of that amount; however, if defendant had obtained insurance in excess of $150,000.00 it would have waived its limited immunity and been liable up to the amount of insurance coverage it had.

■ In light of the case law, the Court finds that, regardless of Prowers County Hospital intentions, like many other governmental entities, it waived its limited liability under the 1981 version because it opted to carry insurance coverage of $300,000.00 or other amount in excess of the $150,000.00 cap.

If the 1981 version of the Act did not govern this case however, then defendant's waiver would be irrelevant because in 1986, after the injuries in this case were incurred but before this suit was filed, the legislature revisited the issue of waiving liability because of higher insurance coverage and removed the connection between the purchase of insurance and the waiver of the limited liability set forth within the Act. *See* C.R.S. § 24–10–114(2) (1973 and Supp.1986). Thus, the Court must determine which version of the Act should apply. In order to make this determination, the Court relies on the legis-

lative intent behind the 1986 revisions of the Act.

 From the Court's examination of the plain language of the 1986 version of the Act, it is evident that the 1986 revision was only to apply to injuries occurring on or after July 1, 1986, when it took effect. The 1986 version states: "A resolution adopted pursuant to this subsection (2) shall apply only to injuries occurring subsequent to the adoption of such resolution." C.R.S. § 24–10–114(2). The Court therefore determines that the 1981 revision should be applied in the case at hand because the injury in question occurred while that version of the Act was law. Consequently, the Court finds that Prowers County Hospital district waived its limited liability in this matter.

 However, the Court also recognizes from representations made during the hearing in this matter that defendant increased its insurance coverage significantly after the 1986 revision in reliance on the revised Act's ability to provide the defendant with governmental immunity despite higher insurance coverage. Since it was never the legislators' intent to expose taxpayers to the potential drain of unlimited liability, the Court finds that defendant should not be penalized for obtaining excess coverage after 1986. *See* Chuck Berry and Tami Tanoue *Amendments to the Colorado Governmental Immunity Act* 15 The Colorado Lawyer 1193 (1986). Furthermore, the Court finds that the legislators, although wishing to allow all eligible injured parties to sue under the Act, never intended for those individuals who were injured before 1986 to have any additional rights than the 1981 revision provided them. Simply, if the legislators had intended these individuals to have the additional rights afforded by the 1986 revision, they would have made that revision of the Act retroactive. Thus, in light of the above, the Court finds that the injured plaintiff should be able to collect damages only up to what she would have been able to collect between the date of her injury, December 6, 1981 and the last day the 1981 revision was in effect, June 30, 1986. Accordingly, it is

ORDERED that defendant's Motion For Partial Summary Judgment is granted to the extent that it requests a Court finding that the protection afforded by the Governmental Immunity Act applies to this claim and that the 1981 version of the act governs this matter. It is

FURTHER ORDERED that the defendant's Motion For Partial Summary Judgment is denied to the extent that it requests a Court finding that Prowers County Hospital District's liability in this case is capped at $150,000.00. It is

FURTHER ORDERED that defendant Prowers Hospital's liability in this case shall not exceed the amount of maximum insurance coverage that the Hospital had on June 30, 1986. It is

FURTHER ORDERED that the Court reserves ruling on Plaintiff's Motion Regarding Challenging The Constitutionality of C.R.S. § 13–21–111.5 and C.R.S. § 13–21–111.6 until the issue becomes ripe for review.