221 P.3d 65 (2009)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of E.D, M.D., and A.D., Children, Appellants, and
Concerning S.D. and M.D., Respondents.
No. 09CA0576.
Colorado Court of Appeals, Div. VI.
October 29, 2009.
*67 Kathryn Schroeder, County Attorney, Linda M. Arnold, Assistant County Attorney, Aurora, Colorado, for Petitioner-Appellee.
Tammy K. Glaeser, Guardian Ad Litem.
No Appearance for Respondents.
Opinion by Judge FURMAN.
In this dependency and neglect case, the children, through their guardian ad litem, appeal from an order dismissing the Arapahoe County Department of Human Services (the department), and keeping the case open under the supervision of the guardian. We affirm in part, reverse in part, and remand for the court to close the dependency and neglect case and terminate jurisdiction.

I. The Permanent Order
The department became involved with the family after receiving information that one of the children needed specialized mental health treatment. The parents were separated. The children remained in father's custody, while the department supervised visits with their mother and worked with both parents to ensure adequate therapy and services were provided.
The department subsequently moved to allocate parental responsibilities, alleging the children "have done very well in [father's] care" and mother "maintains consistent contact with the children."
At the hearing on the allocation motion, the department moved to be dismissed from the case, stating, "[W]e have parents that are cooperative, we have parents that are doing what is requested, we have parents that love the children very much, they're following  they're following through [with] what is requested. They have the medical care, they have the therapeutic care, we don't have protective issues." The department stated that it was "providing no services" and that in-home services were being provided to the family through Tri-County Health.
The guardian ad litem objected to the department's allocation and dismissal motions, arguing they were premature because "serious issues" were "going on" in the case, the children had special needs, and the oldest child was not doing well. The guardian also stated that the previous Friday mother had left one of the children in the car while picking up another child at school, resulting in bystanders calling the police. While the other parties requested to proceed on an offer of proof, the guardian sought to have the oldest child's special education teacher testify that she "has numerous concerns about [the oldest child's] behavior and things going [on] in the school, and the parents' reactions to those concerns."
The court accepted the guardian's statements as an offer of proof in lieu of testimony, agreed with the department, and entered an order permanently allocating parental responsibilities of the children jointly to father and mother, with the children residing the majority of the time with father, who was designated as the primary caretaker. See § 19-1-104(6), C.R.S.2009 (in dependency and neglect case, the juvenile court may enter an order allocating parental responsibilities). The court ordered father "to file this case as a Domestic Relations case and obtain a Domestic Relations case number for any future proceedings regarding the children." The court also granted the department's motion to be dismissed from the case, but ordered "the case remain open under the supervision of the [guardian ad litem]." The case was then referred back to the magistrate's division "for any further proceedings that may be necessary."
The guardian ad litem challenges the court's dismissal order, and argues the court erred in proceeding with an offer of proof at the allocation of parental rights hearing. We first consider the offer of proof issue.

II. Offer of Proof
The guardian ad litem contends the court erred in proceeding with an offer of proof instead of hearing testimony from the oldest child's special education teacher at the allocation of parental rights hearing. However, the court did not restrict the guardian's extensive offer of proof, and the guardian does not state what additional evidence the teacher would have provided apart from that proof. Therefore, because the court had sufficient *68 information to evaluate the department's motions, an evidentiary hearing was not necessary. See People v. Groves, 854 P.2d 1310, 1313 (Colo.App.1992) (trial court did not abuse its discretion by giving each party the opportunity to present all of the evidence pertinent to the pretrial motion in offers of proof). Accordingly, we conclude the court did not err in proceeding as it did.

III. Dismissing the Department
In this issue of first impression, the guardian ad litem contends the court committed reversible error in dismissing the department from the case because, according to the guardian, the department is required to provide reasonable efforts, devise a case plan and a treatment plan, and either provide, contract for the provision of, or make referrals for services. We disagree.
"Parties may be dropped ... by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." C.R.C.P. Rule 21. The decision to drop parties will not be reversed on appeal absent an abuse of discretion. Cobbin v. City & County of Denver, 735 P.2d 214, 217 (Colo.App.1987). To determine whether the court abused its discretion, we determine whether evidence supports the court's decision. Id. at 217-18; see C.R.J.P. 1 ("[p]roceedings [under the Children's Code] are civil in nature and where not governed by these rules or the procedures set forth in Title 19 ... shall be conducted according to the Colorado Rules of Civil Procedure").
We conclude evidence supports the court's dismissal of the department from the dependency and neglect case because (1) the department stated there were no child protective issues remaining in the case; (2) the department was not providing any services for the family; and (3) the guardian ad litem did not object to the children's remaining in their parents' custody; did not argue the parents had not complied with their treatment plans; and did not specify additional services the department could or would provide, that were not already being provided by therapists and school professionals.
Moreover, there was no indication in the record that school professionals would not fulfill their duty to report to the appropriate authorities any child protection concerns. See § 19-3-304(1)-(2), C.R.S.2009 (school official or employee "who has reasonable cause to know or suspect that a child has been subjected to abuse or neglect ... shall immediately... cause a report to be made of such fact to the county department or local law enforcement agency"); § 19-3-312(1), C.R.S. 2009 ("[t]he county department or local law enforcement agency receiving a report under section 19-3-304 ... shall inform, within seventy-two hours, the appropriate juvenile court or district court with juvenile jurisdiction that the child appears to be within the court's jurisdiction").

IV. Supervision by Guardian Ad Litem
Because we conclude the court did not err in dismissing the department from the case, we now turn to the question of whether it was proper for the court to order the case to remain open under the supervision of the guardian ad litem, and conclude it was not.
The Colorado Children's Code provides statutory authority for a district court with juvenile jurisdiction to order a case to remain open under protective supervision. Section 19-3-508(1)(a), C.R.S.2009, provides that if a child has been adjudicated to be dependent or neglected, "[t]he court may place the child in the legal custody of one or both parents... with or without protective supervision, under such conditions as the court deems necessary and appropriate." Section 19-1-103(87), C.R.S.2009, defines "protective supervision" as "a legal status created by court order under which the child is permitted to remain in the child's home ... and supervision and assistance [are] provided by the court, department of human services, or other agency designated by the court." We conclude this statutory authority does not authorize a guardian ad litem to provide protective supervision in lieu of an "agency."
Although the term "agency" is not defined in the Colorado Children's Code, the Colorado Human Services Code recognizes local departments and other state designated *69 agencies as agencies of the State Department of Human Services, and defines a "state designated agency" as an "agency designated to perform specified functions that would otherwise be performed by the county departments." § 26-1-103(7), C.R.S.2009.
County departments are the agencies "charged with the administration of public assistance and welfare and related activities... in accordance with the rules and regulations of the state department." § 26-1-118(1), C.R.S.2009. The Colorado Code of Regulations requires county departments to administer child welfare activities which target all members of the family. Those activities include
 ongoing child safety assessment, risk assessment, and needs assessment;
 continuing reassessment of the "Family Services Plan";
 home-based intervention services;
 intensive family therapy;
 life skills services; and
 mental health services.
See Department of Human Services Rules 7.301.1A, 7.302, 7.303.1, 12 Code of Colo. Regs. 2509-4.
In contrast, the guardian ad litem is an attorney at law who serves the unique role of "giving children a voice in the Colorado court system." § 13-91-102(1)(a), C.R.S.2009 (emphasis added); see § 19-1-103(59), C.R.S. 2009.
To that end, the guardian ad litem shall make such further investigations as the guardian ad litem deems necessary to ascertain the facts and shall talk with or observe the child involved, examine and cross-examine witnesses in both the adjudicatory and dispositional hearings, introduce and examine the guardian ad litem's own witnesses, make recommendations to the court concerning the child's welfare, appeal matters to the court of appeals or the supreme court, and participate further in the proceedings to the degree necessary to adequately represent the child.
§ 19-3-203(3), C.R.S.2009; see also C.J.D. 04-06 (describing duties of guardian ad litem).
Therefore, we conclude the court erred in ordering the case to remain open under the supervision of the guardian ad litem. Because the guardian ad litem did not suggest any other necessary agency that would provide protective supervision, and leaving this case open would intrude unduly on the parents' right to raise their children, we remand the case with directions for the court to close the dependency and neglect case and terminate jurisdiction. See In Interest of C.T.G., 179 P.3d 213, 216 (Colo.App.2007) (a parent's fundamental right to raise his or her children encompasses the presumption that a fit parent will act in the best interests of his or her children).
Accordingly, the portion of the order dismissing the department is affirmed; the portion of the order maintaining jurisdiction is reversed; and the case is remanded for the court to close the dependency and neglect case and terminate jurisdiction.
Judge LOEB and Judge BOORAS concur.