500 P.2d 145 (1972)
Eugene A. ROTH, Plaintiff-Appellee,
v.
STARK LUMBER CO., a Colorado corporation and Charles Pullen, Defendants-Appellants.
No. 71-332.
Colorado Court of Appeals, Div. II.
June 27, 1972.
Rehearing Denied July 25, 1972.
Certiorari Denied September 5, 1972.
Ashen & Fogel, George T. Ashen, Denver, for plaintiff-appellee.
Wood, Ris & Hames, F. Michael Ludwig, Denver, for defendants-appellants.
Selected for Official Publication.
ENOCH, Judge.
This is a personal injury action arising from a rear-end truck collision. Defendant-appellant Charles Pullen was the driver of defendant-appellant Stark Lumber Company's truck which rear-ended a beer truck driven by plaintiff-appellee, Eugene A. Roth. Following the conclusion of all the evidence, the trial court directed a verdict of liability against defendants, which by the court's instruction determined the issue of negligence and left to the jury the two issues of proximate cause and damages. The jury was further instructed that if either or both of these elements had not been established by the evidence, that the *146 verdict must be for the defendants. The jury was furnished with a single verdict form which was returned assessing plaintiff's damages as "None." Plaintiff then moved for a new trial on damages only on the ground that the verdict was inadequate, which motion was granted by the trial court. Upon retrial, the issue of proximate cause having been determined by the court, the jury returned a verdict in favor of plaintiff for $9,000. Defendant appeals from the judgment entered on this verdict on the ground that the court erred in the granting of the new trial. We agree and reverse the judgment.
Disputed factual issues were created by the testimony in the first trial as to whether plaintiff's injuries, if any, were proximately caused by defendant's negligence. The evidence shows that defendant was driving an empty pickup truck, that plaintiff was driving a heavily-loaded beer truck weighing approximately 20,000 pounds, and that there was minimal damage to both vehicles. After the accident, plaintiff completed his delivery route, unloading cases and kegs of beer. There was also some evidence that plaintiff had experienced a back injury prior to this accident. In addition, substantial issues of credibility were raised by discrepancies in plaintiff's testimony.
Although we agree with plaintiff that an award of inadequate damages is a proper ground for the granting of a new trial, we do not agree that the original jury returned a verdict for inadequate damages. The trial court found defendant negligent as a matter of law, and that finding is not challenged. However, negligence which is not the proximate cause of injury is not actionable. Kent Manufacturing Co. v. Zimmerman, 48 Colo. 388, 110 P. 187. Plaintiff had the burden of proving that the injuries of which he complained were proximately caused by his accident involving defendant. It is obvious from this verdict that the jury, as a trier of fact, concluded he had not met such burden.
Although a trial court generally has great discretion in granting of motions for new trials, such orders are subject to reversal where it appears from the record that the trial court has merely substituted its opinion on disputed questions of fact for that of the jury. DeMott v. Smith, 29 Colo.App. 531, 486 P.2d 451. Because there were disputed questions of fact, particularly as to proximate cause, it was error for the trial court to have granted the new trial.
Plaintiff also contends that the evidence at the first trial entitled him to damages as a matter of law. We do not agree. Before the issue of proximate cause can be taken from the jury, the evidence must be undisputed and such that reasonable minds could reach but one conclusion. Randall v. Nasbarg, 28 Colo.App. 147, 470 P.2d 893. As indicated above, plaintiff's evidence did not reach this level of certainty.
Judgment reversed and remanded with directions that the original verdict be reinstated and judgment entered thereon.
DWYER and PIERCE, JJ., concur.