Pete GUERRERO and Ruby Guerrero, individually and as next friends of Mark Guerrero, Ray Guerrero, and Donna Guerrero, Plaintiffs-Appellants,

v.

Katheryn BAILEY, Defendant-Appellee.

No. 81CA0893.

Colorado Court of Appeals,
Div. I.

Oct. 28, 1982.

Rehearing Denied Nov. 26, 1982.

Certiorari Denied Jan. 31, 1983.

Chilson & Stanton, P.C., John H. Chilson, Loveland, for plaintiffs-appellants.

Madden & Strate, P.C., T.W. Norman, Michael J. Mirabella, Wheat Ridge, for defendant-appellee.

KELLY, Judge.

The trial court entered judgment for the Guerrero family in a negligence action arising from a truck-automobile collision. The trial court denied their motion for a new trial on the issue of damages, and they appeal. We affirm.

The Guerreros contend that the damages awarded them were manifestly inadequate and that *Colo.J.I.* 6:9 (2d ed 1980), applicable where the plaintiffs' injuries are aggravated by a subsequent injury, contributed to that result.

█ A new trial on the issue of damages may be granted:

"[i]f the verdict is manifestly inadequate, or so small in amount as to clearly and definitely indicate that the jury neglected to take into consideration evidence of . . . injuries, pain and suffering, and resulting disability, if any; or if the record indicates that the jury was influenced by prejudice, passion or other improper consideration . . . ." *Mince v. Butters,* 200 Colo. 501, 616 P.2d 127 (1980).

█ Since the record discloses conflicting evidence on the extent of injuries suffered, the amount of damages is properly a function of the trier of facts, not an appellate court. *Bohlender v. Oster,* 165 Colo. 164, 439 P.2d 999 (1968); *see Roth v. Stark Lumber Co.,* 31 Colo.App. 121, 500 P.2d 145 (1972).

The Guerreros also claim that inclusion of Colorado Jury Instruction 6:9 prejudiced the jurors into giving a smaller damage award where the only "subsequent injury" which could have aggravated the injuries suffered from the accident was a job layoff. We disagree.

█ Since the defendant introduced evidence that Pete Guerrero's layoff from

the Monfort plant aggravated the emotional injuries caused by the collision of September 5, 1976, the instruction was warranted, even though the "subsequent injury" was not physical in nature. While the term "injury" has not been defined in jury instruction 6:9, the instruction clearly states that the plaintiff is entitled to recover for any injury or pain received in the accident, but not for any disability incurred after the accident which was not caused by the defendant. A jury is to view the court's instructions as a whole. *See Pettingell v. Moede,* 129 Colo. 484, 271 P.2d 1038 (1954). Here, the instructions as a whole are clear that the defendant is not liable for injuries not caused by her. *See Bruckman v. Pena,* 29 Colo.App. 357, 487 P.2d 566 (1971).

Judgment affirmed.

COYTE and PIERCE, JJ., concur.