**OVERLAND DEVELOPMENT COMPA-
NY, Plaintiff–Appellant,**

v.

**MARSTON SLOPES DEVELOPMENT
COMPANY, Defendant–Appellee.**

No. 87CA1612.

Colorado Court of Appeals,
Div. V.

April 20, 1989.

Baker & Hostetler, Fred M. Winner, Andrew B. Prosser, Denver, for plaintiff-appellant.

Timothy J. Flynn, Englewood, for defendant-appellee.

CRISWELL, Judge.

Plaintiff, Overland Development Co., appeals from the judgment dismissing its claims of contract violation, fraud, and negligent misrepresentation against defendant, Marston Slopes Development Co., a land developer. It asserts that (1) the trial court's findings mandate the entry of a judgment for money damages and attorney fees under its contract claim, (2) the exclusion of certain testimony of an expert proffered by plaintiff was prejudicial error, and (3) the trial court applied the wrong legal standard in dismissing its claim for negligent misrepresentation. We affirm in part and reverse in part.

Pursuant to two written agreements, plaintiff purchased five building sites from defendant in Marston Slopes Subdivision, a subdivision that defendant had previously developed. By these agreements, defendant undertook to landscape certain areas within the subdivision, although no time for the completion of the landscaping was set. As of the date of trial, this landscaping had not been completed.

These agreements also provided that, should any litigation result between plaintiff and defendant relating to the agreements or their subject matter, the "prevailing party" would be "entitled" to an award of reasonable attorney fees as damages.

During the negotiations leading to the execution of these agreements, the question of the continued existence of a neighboring trap shooting range operated by a recreation district was discussed. Plaintiff was shown a letter from the United States Department of Interior which indicated that the range would be moved to another location by 1987, and defendant's agent expressed the opinion that the shooting range would be removed in the reasonably near future. At the same time, defendant had knowledge of another letter from an official of the recreation district which said that, while another site for the range was available, there were "real and pragmatic concerns of financing and location" with respect to its relocation. The range had not been relocated as of the date of trial.

After plaintiff's acquisition of the building sites, it proceeded to build residences on two of them which it sold for less than it had expended to build them. Thereafter, it initiated this action based on defendant's failure to complete the landscaping of the area or to enforce certain restrictive covenants upon the property and on the failure of the shooting range to be relocated as represented by defendant. It claimed as damages the difference between their sale

prices and the construction costs and expenses, plus the amount it had paid defendant for the sites.

After a bench trial, the district court found generally in defendant's favor. While it concluded that defendant had breached the obligation that it owed to install certain landscaping, it found that the losses sustained by plaintiff from its erection and sale of the two residences were the result of unfavorable market conditions and other factors for which defendant was not responsible. It also found that the opinion expressed by defendant respecting the relocation of the shooting range was not a material consideration to plaintiff at the time of the execution of the agreements. Further, it found and concluded that defendant was not guilty of fraud or negligent misrepresentation because it entertained the good faith opinion that the shooting range was to be relocated within a reasonable time and, based on all of the information in its possession, defendant had not acted unreasonably in forming or expressing this opinion.

In addition, the court awarded defendant a judgment for some $129,000, representing the principal and interest due on a purchase money note and deed of trust, together with attorney fees called for by those instruments.

## I.

Plaintiff argues that, because the trial court found that defendant had breached its obligation to landscape some of the areas it had agreed to landscape, plaintiff was entitled, as a matter of law, to recover the actual damages it sustained or, at the least, nominal damages. Further, it asserts that, since it "prevailed" upon this issue of contract violation, the provisions of the agreements required that it be awarded its attorney fees. While we agree that plaintiff was entitled to a judgment for nominal damages, we conclude that the trial court's denial of actual damages is supported by the record. We also conclude that plaintiff is not entitled to an award of attorney fees.

## A.

Relying upon the well-accepted principle that a damage award will not be withheld when it is only the amount, and not the fact, of damage that is uncertain, plaintiff asserts that the record here required the trial court to enter a judgment for actual damages to compensate plaintiff for defendant's failure to landscape. We disagree.

██ The principle, reiterated by this court in *Hein Enterprises, Ltd. v. San Francisco Real Estate Investors*, 720 P.2d 975 (Colo.App.1985), is that, if the "fact of damage *and the issue of causation* is resolved in plaintiff's favor, difficulty or uncertainty in determining the precise amount of damage does not prevent an award of damage." (emphasis supplied)

██ Here, the trial court, with substantial record support, found that any losses that plaintiff may have sustained in the construction and sale of its two residences were caused by adverse market conditions and other factors over which defendant had no control, and not by any action or inaction of defendant. Thus, even if plaintiff's damage evidence would otherwise have been sufficient to sustain a monetary award (an issue we do not address), the trial court's factual finding of a lack of causation prevented that court from entering any judgment for actual damages.

## B.

██ On the other hand, proof of actual damages is not an essential element of a claim for breach of contract. Thus, if a plaintiff's evidence proves such a violation, he is entitled to an award of nominal damages, even in the absence of the proof of any actual damages. *See Northwest Water Corp. v. Westminster*, 164 Colo. 61, 432 P.2d 757 (1967); *Comfort Homes, Inc. v. Peterson*, 37 Colo.App. 516, 549 P.2d 1087 (1976).

Because the trial court found that defendant violated its contractual obligation to landscape, plaintiff was entitled, as a matter of law, to the entry of a judgment in its favor in the amount of one dollar. *See*

*Colorado Investment Services, Inc. v. Hager*, 685 P.2d 1371 (Colo.App.1984).

### C.

Plaintiff also asserts that, because the trial court found that defendant violated its duty to landscape, it was the "prevailing party" under the agreements' provision for the recovery of attorney fees. Again, we disagree.

The agreements here do not define the term "prevailing party," nor do they set forth the criteria that a litigant must meet in order to be considered to be such a party. And, we are unaware of any commonly accepted meaning that has been given to that term by the Colorado courts.

There are several Colorado statutes that provide for an award of attorney fees to the "prevailing party." *See* § 6–15–103, C.R.S. (1988 Cum.Supp.); §§ 7–70–108(3), 7–70–111(2), and 7–74–105, C.R.S. (1986 Repl.Vol. 3A); §§ 13–21–109(2), 13–40–123, and 13–52–102(4)(b), C.R.S. (1987 Repl.Vol. 6A); § 14–14–107(9)(e), C.R.S. (1987 Repl. Vol. 6B); § 18–4–702(3), C.R.S. (1986 Repl. Vol. 8B); § 19–1–117 (1988 Cum.Supp.); §§ 32–4–545(2), 32–9–160(2), and 32–11–816, C.R.S.; § 38–12–209(3), C.R.S. (1982 Repl. Vol. 16A); and § 42–11–109(3), C.R.S. (1984 Repl.Vol. 17).

However, few instances have arisen under these statutes in which the question whether a party prevailed was presented. *See Keeton v. Rike*, 38 Colo.App. 505, 559 P.2d 262 (1977) (if plaintiff is granted money judgment under wage statute based on unpaid commissions, he is "winning" party under statute). Further, no state court decision has adopted any general rule to be used to determine when a party may be considered to be a prevailing party.

On the other hand, the question whether a plaintiff has "prevailed" for the purpose of an award of attorney fees under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C.A. § 1988 (West 1981), has arisen in a number of instances. As a result, the United States Supreme Court held that, to be considered to be a prevailing party under this statute, the applicant for fees must have succeeded upon a significant issue presented by the litigation and must have achieved some of the benefits that he sought in the lawsuit. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed. 2d 40 (1983). *See International Society for Krishna Consciousness, Inc. v. Colorado State Fair & Industrial Exposition Commission*, 673 P.2d 368 (Colo.1983) (recognizing rule).

Under the *Hensley* formulation of the requirement, a party need not prevail upon the "central" issue, only upon a "significant" one. However, the benefits achieved must be more than *de minimis*. *Texas State Teachers Ass'n v. Garland Independent School District*, —— U.S. ——, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

This requirement is one that is reasonably capable of specific application; it is currently being applied in a large number of cases by both the federal and state courts. We recognize that the federal civil rights statutes present issues of public policy not presented in the typical civil action concerning an alleged breach of contract. However, both the statutory provision for the award of attorney fees and a contract provision therefor have the common purpose of allowing an innocent party to obtain judicial relief without being subjected to financial hardship. For these reasons, we conclude that the application of the *Hensley* standard to a contract provision calling for an award of fees to a party prevailing in litigation arising from that contract is appropriate where, as here, the parties have themselves adopted no different standard.

In applying the requirement that to prevail a party must have achieved some of the benefits sought by the litigation, it has been noted that a plaintiff's legal action may have been the "catalyst" for action by the adverse party. In such circumstances, a party may have "prevailed" even though the benefits achieved were not the product of a specific court order or judgment. *See Gurule v. Wilson*, 635 F.2d 782 (10th Cir. 1980).

However, the mere judicial declaration that one of the plaintiff's legal assertions is correct does not mean that he has prevailed in the litigation, unless some ben-

efits flow, or may be anticipated to flow, to the plaintiff from that declaration. *Hewitt v. Helms*, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). *See Rhodes v. Stewart*, 488 U.S. ——, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988).

█ Here, based upon its claims of contract breach, fraud, and negligent misrepresentation, plaintiff sought to recover all of the monies previously paid by it to defendant pursuant to the agreements, as well as other substantial damages, all totalling some $175,000. The decision of the trial court denied plaintiff all of these benefits, but awarded a substantial judgment to defendant. Moreover, while we have directed that a judgment for nominal damages be entered in plaintiff's favor, this record is barren of any suggestion that the entry of such a judgment will provide any other tangible benefit to plaintiff. Under these circumstances, the recovery by plaintiff here must be classified as *de minimis*.

Thus, while plaintiff may have succeeded upon a significant legal issue, it did not achieve any of the benefits that it sought in this litigation. We conclude, therefore, that plaintiff was not the "prevailing party" under the agreements.

## II.

█ Plaintiff also asserts that the trial court committed prejudicial error by refusing to allow its expert to express an opinion as to the decreased market value of its property that defendant's actions allegedly caused. We reject this assertion.

Contrary to plaintiff's allegation before this court as to the reason for the trial court's ruling, the expert was not allowed to express an opinion upon the market value of the properties because such valuation was not an issue addressed in his report. We cannot say that such a limitation upon the witness' testimony was an abuse of the court's discretion. *See Daniels v. Rapco Foam, Inc.*, 762 P.2d 717 (Colo.App.1988).

Moreover, plaintiff's offer of proof, given in the form of the continued examination of the expert witness, made clear that the witness was not prepared to render an opinion as to the effect of defendant's action upon the market value of plaintiff's properties. Thus, the court's refusal to allow the witness to testify upon this subject cannot be deemed to have been prejudicial to plaintiff.

## III.

█ Plaintiff finally asserts that the trial court used the wrong legal standard in dismissing its claim for negligent misrepresentation. Again, we disagree.

Plaintiff's amended complaint stated a claim for negligent misrepresentation and a claim for fraud, both based upon the statements made by defendant's agent with respect to the relocation of the trap shooting range.

The trial court found, as a fact, that the statements that were made were expressions of an opinion which, in light of the Interior Department's letter and other investigations made by defendant, "was reasonable and believed by Defendant." While the court also gave several other reasons why plaintiff's claims for fraud and negligent misrepresentation had not been proven to its satisfaction, this finding meant that the trial court considered that defendant had acted neither negligently nor recklessly in expressing its opinion upon this subject.

Given that finding, the trial court properly dismissed plaintiff's claims for fraud and negligent misrepresentation, quite irrespective of the validity of its other conclusions with respect to those claims. And, since that finding is supported by the evidence, it is binding on appeal. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

The judgment dismissing plaintiff's claims for fraud and negligent misrepresentation is affirmed. The judgment dismissing plaintiff's claim based upon defendant's failure to landscape is reversed, and the cause is remanded to the district court with directions to enter a judgment in favor of plaintiff for the sum of one dollar.

METZGER and HUME, JJ., concur.