Vernon ODENBAUGH, Plaintiff–Appellant,

v.

COUNTY OF WELD, a body politic and corporate of the State of Colorado, and the Board of County Commissioners of Weld County, Defendants–Appellees.

No. 89CA1151.

Colorado Court of Appeals, Div. V.

Oct. 25, 1990.

Rehearing Denied Dec. 6, 1990.

Certiorari Denied May 13, 1991.

Sonheim, Helm & Less, Phillip A. Less, Arvada, for plaintiff-appellant.

Thomas O. David, Weld County Atty., Bruce T. Barker, Asst. County Atty., Greeley, for defendants-appellees.

Opinion by Judge PLANK.

Vernon Odenbaugh, plaintiff, appeals from the judgment in favor of defendants, the County of Weld and the Board of County Commissioners of Weld County. We affirm.

Plaintiff filed this wrongful death action in June 1985 after his wife, Lorraine, was killed in a one-vehicle accident on Weld County Road 23 on November 8, 1984. The complaint alleged that, at the time of the accident, County Road 23 was in a dangerous condition caused by defendants' negligence in failing to inspect, maintain, and repair the roadway.

In their original answer, defendants admitted that the immunity granted counties under Colo.Sess.Laws 1971, ch. 323 § 130–11–6 at 1206–1207 had been waived "by virtue of defendants providing a policy of self-insurance." Before trial, over plaintiff's objection, defendants filed an amend-

ed answer asserting that the County was immune from liability for any damage award less than $100,000. The County had purchased liability insurance with a deductible of $100,000.

Defendants also filed a motion for summary judgment as to damages, arguing that the County's self-insurance for the first $100,000 of damages did not constitute a waiver of the County's sovereign immunity and that, therefore, the Governmental Immunity Act required dismissal of plaintiff's claims if plaintiff failed to prove damages in excess of $100,000. The trial court granted the motion, ruling that the County was immune from liability for damages up to the self-insured amount of $100,000 and rejecting plaintiff's contention that the "dangerous condition" exception prevented the County from asserting immunity for damages awarded in the self-insured range.

At the jury trial, in response to an interrogatory, the jury found that Lorraine Odenbaugh's injuries had been caused by a dangerous condition of County Road 23. In a special verdict, the jury also found that plaintiff had been damaged in the amount of $100,000 and that 51% of the negligence should be charged to the County and 49% should be charged to the decedent, Lorraine Odenbaugh. Based upon its ruling that sovereign immunity barred recovery for less than $100,000, the trial court entered judgment that plaintiff take nothing by his complaint and awarded costs to defendants.

## I.

Plaintiff contends that the trial court abused its discretion in allowing defendants to amend their answer, over plaintiff's objection, to assert the defense of sovereign immunity. We disagree.

■ C.R.C.P. 15(a) provides that leave to amend pleadings shall be freely given when justice so requires. This rule "prescribes a liberal policy of amendment and encourages the courts to look favorably on requests to amend." *Varner v. District Court*, 618 P.2d 1388 (Colo.1980). Only if

the opposing party can demonstrate prejudice to it, *other than having the case decided on its merits,* or if the court itself is prejudiced is the denial of a motion to amend an appropriate exercise of discretion. *K–R Funds, Inc. v. Fox,* 640 P.2d 257 (Colo.App.1981).

Here, sixteen months before the trial commenced, defendants sought leave to amend their answer to reflect the legal clarification announced in *Cobbin v. City & County of Denver,* 735 P.2d 214 (Colo.App. 1987) that a public entity's self-insurance does not amount to a waiver of its sovereign immunity. The amendment allowed the trial court to consider issues of substance going to the heart of the suit. Accordingly, we perceive no abuse of discretion by the trial court in permitting defendants to amend their answer. *See K–R Funds, Inc. v. Fox, supra.*

### II.

Plaintiff next contends that the jury's verdict of $100,000 was inadequate as a matter of law and was not supported by the evidence because it was less than the lowest figure estimated by an expert witness. We disagree.

The trier of fact is not bound to accept the testimony of a witness even though it is not contradicted by other direct evidence; reasonable inferences from circumstances tending to weaken such testimony may be considered. *Thiele v. Colorado,* 30 Colo.App. 491, 495 P.2d 558 (1972). Further, when the record discloses conflicting evidence on the extent of damages suffered, the amount of damages is properly a function of the trier of facts, not the appellate court. *Guerrero v. Bailey,* 658 P.2d 278 (Colo.App.1982).

Here, two expert economists testified concerning the plaintiff's net pecuniary loss in terms of the economic value of the decedent's services. Plaintiff's expert measured plaintiff's loss at $613,000 and defendants' expert measured it at $156,826. Both experts made numerous assumptions in calculating their estimates. The evidence showed that the decedent had not attended college and was a part-time discount store employee earning $3.65 an hour with no fringe benefits at the time of her death. The jury was instructed without objection to use its best judgment in determining damages, based upon the evidence. Moreover, the verdict was well in excess of plaintiff's claimed property damage and special damages totaling $10,267.68.

Accordingly, it was within the province of the jury to disregard some or all of the experts' opinions and assumptions and to determine the amount of damages on the basis of other evidence in the case. *See Thiele v. Colorado, supra; Guerrero v. Bailey, supra.*

### III.

Plaintiff also contends that the trial court erred in concluding that, as to damages sustained by plaintiff of less than $100,000, defendants were immune from liability for injuries caused by a dangerous condition on a county road. We disagree.

Colo.Sess.Laws 1971, ch. 323, § 130–11–8 at 1206 states in pertinent part:

"(1)(a) A public entity *shall be immune from liability in all claims* for injury which are actionable in tort *except* as provided in this section. Sovereign immunity ... shall not be asserted by a public entity as a defense in an action for damages for injuries resulting from:

.     .     .     .     .

"(e) A dangerous condition which interferes with the movement of traffic on the traveled portion and shoulders or curbs of any public highway, road or street *within the corporate limits of any municipality,* or of any highway which is a part of the *federal interstate highway system* or the *federal primary highway system,* or of any paved highway which is a part of the *state highway system,* on that portion of such highway, road, street, or sidewalk which was designed and intended for public travel or parking thereon." (emphasis supplied)

Thus, this statute establishes a "dangerous condition" exception to the sovereign immunity defense, but that exception, at

the times pertinent here, was limited to roadways within municipalities, federal highways, and state highways. *See Bloomer v. Board of County Commissioners,* 799 P.2d 942 (1990). Accordingly, the Act does not contain any explicit sovereign immunity exception upon which plaintiff could base a claim for relief against the county, and therefore, since the damages found by the jury were within the range barred by the immunity doctrine, the trial court did not err in entering judgment in favor of defendants. *See* Colo.Sess.Laws 1971, ch. 323, § 130–11–8 at 1207; *Cobbin v. City & County of Denver, supra.*

### IV.

■ Plaintiff also contends that the trial court erred in ruling that the County had not waived its sovereign immunity up to the $100,000 limit of its self-insurance fund. We disagree.

Although the applicable version of the Act then provided that a public entity would be deemed to have waived its immunity by purchasing insurance coverage, the Act also provided that self-insurance was *not* to be considered insurance coverage for such purposes. *See* Colo.Sess.Laws 1971, ch. 323, § 130–11–4 at 1205–1206; Colo.Sess.Laws 1981, ch. 283, § 24–10–114(2)(a) at 1152. Moreover, under the *Cobbin* ruling, controlling here, a public entity's self-insurance did not constitute a waiver of its sovereign immunity. Thus, the trial court was correct in determining that defendants had not waived their immunity by virtue of their self-insurance for the first $100,000 of liability.

### V.

Plaintiff also contends that the trial court erred in awarding costs to defendants. We disagree.

C.R.C.P. 54(d) provides that, except when express provision is made by statute or rule, costs shall be allowed to the prevailing party unless the court otherwise directs. No other statute or rule applies here. Therefore, although the trial court did not make specific findings as to why it awarded defendants costs, we presume it did so under C.R.C.P. 54(d).

■ In order to be the "prevailing party," one must prevail on a significant issue in the litigation and achieve some of the benefits sought therein. *Overland Development Co. v. Marston Slopes Development Co.,* 773 P.2d 1112 (Colo.App.1989). The issue on which the party prevails need not be the central issue in the litigation, only a significant one. *In re Marriage of Watters,* 782 P.2d 1220 (Colo.App.1989); *Overland, supra.* We recognize that *Watters* and *Overland* concern awards of attorney fees and not costs, as we have here, but find that the principles relating to the determination of the "prevailing party" apply equally to fee and cost awards.

■ Here, although defendants did not prevail on the issue central to the litigation, defendants' negligence, they did prevail on the governmental immunity defense, a significant issue in the case. Because they prevailed on this defense, defendants were relieved of paying plaintiff money in damages. Hence, they achieved the result they sought in this litigation. *Overland, supra.*

Whether an award of costs is made to the prevailing party under C.R.C.P. 54(d) is discretionary with the trial court. *Ross-miller v. Romero,* 625 P.2d 1029 (Colo. 1981). Under the circumstances presented here, we cannot find that the trial court abused its discretion.

### VI.

Finally, plaintiff contends that the trial court erred in refusing to instruct the jury that the County would be immune from liability for the first $100,000 of damages. We disagree.

■ An instruction which tends to mislead or direct the minds of the jury from the real factual issues should not be given. *Houser v. Eckhardt,* 168 Colo. 226, 450 P.2d 664 (1969).

■ Here, the real factual issues for the jury's determination were the relative negligence, if any, of defendants and plaintiff's decedent, the cause of the decedent's

injuries, and the amount of plaintiff's economic loss, if any. The trial court refused the tendered instruction, saying it would have defeated the purpose of the sovereign immunity defense. Because the instruction could have distracted the jurors from the real factual issues before them, we conclude that the trial court did not err in refusing the instruction. *See Houser v. Eckhardt, supra.*

Judgment affirmed.

CRISWELL and REED, JJ., concur.