Adeanis TAYLOR, By and Through Debra TAYLOR; and Doris Hsu, Plaintiffs–Appellants and Cross–Appellees,

v.

Jeffrey Ray CLARK, Defendant–Appellee and Cross–Appellant,

and

Consolidated Theaters, Inc., d/b/a Southglenn Cinema 7, Defendant–Appellee.

Nos. 93CA0173, 93CA0574.

Colorado Court of Appeals, Div. V.

June 2, 1994.

Rehearing Denied July 7, 1994.

Certiorari Denied Nov. 15, 1994.

Moya & Recht, P.C., Frank E. Moya, Denver, for plaintiff-appellant and cross-appellee Adeanis Taylor.

Fogel, Keating & Wagner, P.C., Steven R. Polidori, Denver, for plaintiff-appellant and cross-appellee Doris Hsu.

Anderson, Campbell & Laugesen, P.C., Franklin D. Patterson, Denver, for defendant-appellee and cross-appellant.

John R. Rodman & Associates, John R. Rodman, Raymond J. Lego, Denver, for defendant-appellee.

Opinion by Judge ROTHENBERG.

■ The issue in this case is whether § 13–17–202, C.R.S. (1993 Cum.Supp.) applies when, during pending litigation, defendants make an offer of settlement to two plaintiffs that does not specifically apportion the settlement amount between the plaintiffs. We hold that the statute does not apply to this type of unapportioned offer. We therefore reverse the order of the trial court awarding costs and remand for further proceedings.

The plaintiffs, Adeanis Taylor and her aunt, Doris Hsu, brought suit against a number of defendants seeking damages for personal injuries suffered during an assault. Two of the defendants, Consolidated Theaters and Jeffrey Ray Clark, submitted a joint offer to settle the claims against them for $10,000. The plaintiffs rejected the offer and after trial each obtained a set of judgments against these defendants, with Adeanis Taylor receiving $2,500 and Doris Hsu receiving $5,000. The trial court ruled that, since the settlement offer exceeded the total of the judgments against the two defendants, the plaintiffs were liable under § 13–17–202 for the actual costs incurred by the defendants after the offer was made.

■ Plaintiffs contend that the trial court erred in applying § 13–17–202 under these circumstances, and we agree. The purpose of the statute is to encourage the settlement of litigation by increasing the cost of proceeding with a lawsuit after the opposing party has made a reasonable settlement offer.

Section 13–17–202(3), C.R.S. (1993 Cum. Supp.) provides as follows:

At any time more than ten days before the trial begins, a party defending against a claim may serve upon the adverse party an offer of settlement to the effect specified in his offer, with costs then accrued. If within ten days after service of the offer, the adverse party serves written notice that the offer is accepted, either party may

then file the offer and notice of acceptance ... and thereupon the clerk shall enter judgment.... *If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay the costs incurred after making of the offer.* (emphasis added)

Thus, the statute encourages settlement by imposing a sanction on a party who rejects a reasonable offer and recovers less than the offer.

The effectiveness of the statute is based on the ability of parties accurately to assess the value of their claims at issue and compare that value with a settlement offer. Such a comparison becomes difficult, however, when a defending party makes a lump sum offer to multiple parties with distinct interests.

Further, since an unapportioned offer can only be accepted by all the offerees acting in unison, an individual offeree cannot independently weigh the benefit of accepting an unspecified portion of the offer against the likelihood of receiving a less favorable judgment. Thus, an unapportioned offer to multiple parties takes away the individual offeree's ability to make a meaningful choice between accepting the offer or continuing with the litigation, and application of the statute under these circumstances does not comport with the policy of encouraging the settlement of lawsuits.

We therefore conclude that an unapportioned offer to multiple plaintiffs does not invoke the cost-shifting provisions of § 13–17–202. *See Brinkerhoff v. Swearingen Aviation Corp.,* 663 P.2d 937 (Alaska 1983); *Hutchins v. Waters,* 51 Cal.App.3d 69, 123 Cal.Rptr. 819 (1975); *Ramadanis v. Stupak,* 104 Nev. 57, 752 P.2d 767 (1988); *Wilber v. Fuchs,* 158 Wis.2d 158, 461 N.W.2d 803 (1990). *Cf. Gilbert v. City of Caldwell,* 112 Idaho 386, 732 P.2d 355 (1987).

In so holding, we recognize that in both *Centric–Jones Co. v. Hufnagel,* 848 P.2d 942 (Colo.1993) and *Askew v. Gerace,* 851 P.2d 199 (Colo.App.1992), joint offers of settlement were implicated. However, in neither decision was the propriety of a joint offer of settlement addressed. Accordingly, neither decision is controlling here.

The order awarding costs is reversed, and the cause is remanded to the trial court for an order awarding costs to the plaintiffs.

NEY and CASEBOLT, JJ., concur.