UNITED FINANCIAL CREDIT, Appellant,

v.

The COLORADO COLLECTION AGENCY BOARD, Appellee.

No. 94CA0282.

Colorado Court of Appeals, Div. V.

Feb. 9, 1995.

James H. Franklin, Denver, for appellant.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for appellee.

Opinion by Judge ROTHENBERG.

Claimant, United Financial Credit, appeals from the order of the Colorado Collection Agency Board (the Board) denying its claim against the bond of Adjusted Credit Services, Inc. We affirm.

From October 1990 through August 1993, Adjusted Credit Services, Inc., (the agency) was licensed as a collection agency. During that time, the agency held a surety bond with North River Insurance Company in the amount of $20,000.

As a requirement of licensure, the Colorado Fair Debt Collections Practices Act, § 12–14–101, et seq., C.R.S. (1991 Repl.Vol. 5A), requires each collection agency to maintain a surety bond ranging from $8,000 to $20,000. Section 12–14–124(1), C.R.S. (1991 Repl.Vol. 5A). The bond protects the collection agency's clients against the risk of nonpayment of funds collected by the agency from consumers. Clients who believe that a collection agency has failed to remit funds owing to it may file a claim with the Board.

In June 1994, claimant filed such a claim against the agency's surety bond for amounts

totaling $14,000. Later, claimant revised the amount of its claim to $40,138.

Claimant asserted that: (1) the agency owed $22,936 for amounts collected from May through August 1993, but not paid to claimant; (2) the agency owed $3,112 for withholding 50% rather than 35% as its commission through December 1992; and (3) the agency owed $11,088 for a check it had written to claimant that was returned for insufficient funds.

Following a hearing, the Board found that claimant had not presented sufficient information or documentation to prove its claim against the surety bond for either the improper withholding of commissions, or for collections the agency had allegedly made but had allegedly failed to pay claimant. The Board denied those two claims.

As to the third claim resulting from the insufficient funds check, the Board's vote was split. Two members voted to deny the claim, and two voted to approve it. The result was the Board neither denied nor approved the claim, but took no further action on it.

## I.

■ Initially we address the agency's contention that this court lacks jurisdiction to review the third claim resulting from the check returned for insufficient funds. According to the agency, because the Board did not legally deny that claim, there is nothing for this court to review. We reject the agency's argument that this court lacks jurisdiction to review the third claim.

Section 12–14–124(5), C.R.S. (1991 Repl. Vol. 5A) provides:

> In case any claimant has filed a duly verified claim with said board *and the board has refused to make demand upon the licensee or surety, said claimant may bring suit* against the licensee or surety on said bond for the recovery of money due such claimant from such licensee without assignment of such bond to such claimant.... (emphasis added)

The agency argues that, since the Board refused to make demand upon the surety, claimant's *only* recourse is to file suit against

the agency or its surety rather than to seek review in this court. We do not agree.

Section 12–14–130(11), C.R.S. (1991 Repl. Vol. 5A) specifically provides that the court of appeals has jurisdiction to review all final actions and orders that are subject to judicial review of the collection agency board.

Here, we conclude that the Board's refusal to take any further action is tantamount to a denial and constituted a final order subject to judicial review. *See Her Majesty the Queen in Right of Ontario v. U.S. Environmental Protection Agency,* 912 F.2d 1525 (D.C.Cir. 1990) (when administrative inaction has precisely the same impact on the rights of parties as denial of relief, an agency cannot preclude judicial review by casting its decision in the form of inaction rather than in the form of an order denying relief). *See also Mountain States Legal Foundation v. Andrus,* 499 F.Supp. 383 (D.Wyo.1980); *Environmental Defense Fund, Inc. v. Hardin,* 428 F.2d 1093 (D.C.Cir.1970).

Since there was a final order by the collection agency board, this court has jurisdiction to review the claim under § 12–14–130(11).

## II.

Turning to the merits, we first consider and reject claimant's assertion that the Board's order is not supported by competent evidence.

■ An administrative agency decision is presumptively valid. The standard of review for a court reviewing agency actions on appeal is whether substantial evidence exists on the record to support the findings and conclusions of the agency. *Lassner v. Civil Service Commission,* 177 Colo. 257, 493 P.2d 1087 (1972).

■ In order for a reviewing court to set aside a decision by an administrative agency, the court must find there is no competent evidence in the record as a whole which supports the agency's determination. *Life Investors Insurance Co. v. Smith,* 833 P.2d 864 (Colo.App.1992). *See* § 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A).

■ For purposes of judicial review of administrative action, substantial evidence is

the same as competent evidence. *Colorado Municipal League v. Mountain States Telephone & Telegraph Co.*, 759 P.2d 40 (Colo. 1988).

■ If conflicting testimony is presented in an administrative hearing, the credibility of witnesses and the weight to be given their testimony are within the province of the agency. *See Barrett v. University of Colorado Health Sciences Center*, 851 P.2d 258 (Colo.App.1993).

### A.

■ Claimant maintains there was no competent evidence to support the Board's order denying its claim for $22,936 for amounts allegedly collected by the agency from May through August 1993, but not paid to claimant. We disagree.

At the hearing, claimant failed to present any evidence that the agency had actually made collections during the relevant period and had failed to remit them to claimant. To the contrary, claimant's witness had no idea what collections the agency had made during the months at issue or the amount of those collections. Also, claimant failed to present documentation showing that debtors actually made payments to the agency during those months. The claim was based solely on average collections the agency had made during the four months prior to the relevant time period.

Since claimant failed to present evidence to support this claim, the Board did not err in denying it.

### B.

■ Claimant next contends there was no competent evidence to support the Board's order denying its claim for the overwithholding of commissions. Again, we disagree.

The Board denied the claim after finding contradictory evidence regarding the terms of the original contract between claimant and the agency, and conflicting testimony concerning payments made.

Upon reviewing the record, we conclude that the findings of the Board are supported by the record and will not be disturbed on appeal.

### C.

Claimant next contends there was no competent evidence to support the Board's refusal to take any action on its claim based on the check returned for insufficient funds. Section 12–14–124(3), C.R.S. (1991 Repl.Vol. 5A) requires the Board to make a demand upon the surety if it finds a claim to be correct and unpaid. Relying on that provision, claimant's position is that, since both parties testified the amount was owed, the Board was required to make a demand upon the surety for the amounts due. We disagree.

■ The trier of fact is not bound to accept the testimony of a witness even though it is not contradicted by other direct evidence. Reasonable inferences from circumstances tending to weaken such testimony may be considered. *Odenbaugh v. County of Weld*, 809 P.2d 1059 (Colo.App.1990).

■ At the hearing, the president of the agency agreed that the amount was owed to claimant for the insufficient funds check. However, he also testified that all amounts due to claimant had been paid, that he did not know how much money the agency had collected but had not remitted to claimant since April 1993, and that he had not had an active managerial role in the agency since January or February 1993. No company records were produced in support of the claim. In addition, claimant's witness testified that he began his employment with claimant six months *after* the check was written.

The two witnesses presented conflicting testimony concerning whether amounts were due and owing to claimant and, in any case, the Board was not required to believe the testimony of claimant's witness. *Odenbaugh v. County of Weld, supra.* Accordingly, there is record support for the Board's implicit denial of the claim.

**450**

### III.

Finally, claimant argues that the Board considered impermissible factors in denying its claims. However, in its order, the Board specifically denied claimant's claims based on a finding that claimant had presented insufficient evidence to support them, rather than on any of the factors enumerated by claimant. Accordingly, this contention is without merit.

The order is affirmed.

STERNBERG, C.J., and KAPELKE, J., concur.