Billy F. WEEKS; Rhonda C. Weeks; and Rebecca S. Weeks, a minor, by and through her mother and next friend, Rhonda C. Weeks, Plaintiffs–Appellants and Cross–Appellees,

v.

The CITY OF COLORADO SPRINGS, d/b/a Memorial Hospital, Defendant–Appellee and Cross–Appellant.

No. 94CA1961.

Colorado Court of Appeals, Div. IV.

April 18, 1996.

As Modified on Denial of Rehearing May 23, 1996.

Certiorari Denied Dec. 23, 1996.

Peter A. Goldstein, P.C., Peter A. Goldstein, Colorado Springs, for Plaintiffs–Appellants and Cross–Appellees.

Gallo & Godfrey, F. James Gallo and Jerome M. Reinan, Denver, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge BRIGGS.

In this "pre-tort reform" personal injury action, plaintiffs, Billy F. Weeks and Rhonda C. Weeks (parents), and Rebecca S. Weeks (child), by and through her mother and next friend, Rhonda C. Weeks (mother), appeal the judgment of the trial court reducing to zero the damages awarded against defendant, The City of Colorado Springs, d/b/a Memorial Hospital (hospital). Plaintiffs also appeal, and the hospital cross-appeals, the court's post-trial order denying their respective requests for an award of costs. We affirm the judgment reducing the damages awarded plaintiffs to zero and that part of the post-trial order denying the hospital's request for an award of costs. We reverse that part of the post-trial order denying plaintiffs' request for an award of costs and remand for reconsideration.

The child was injured in 1985 when, in the hours after her birth at the hospital, she received a transfusion with an incorrect concentration of saline solution. As a result, the child suffered a seizure and permanent brain damage.

Plaintiffs filed a complaint against the hospital and the doctor who ordered and supervised the transfusion. Because the child was too young for her injuries to be evaluated, the case was continued for seven years. Trial was then set for August 1994.

More than ten days before trial, the hospital, acting pursuant to § 13–17–202, C.R.S. (1995 Cum.Supp.), made an unapportioned offer to settle all of plaintiffs' claims for $170,000. Plaintiffs did not accept the offer.

A few days before trial, plaintiffs accepted an unapportioned settlement offer from the co-defendant doctor for $650,000. In addition, the insurance companies for the two defendants had previously paid approximately $80,000 in existing medical bills. Although not clear from the record before us, the parents apparently agreed not to include those amounts in their claim for damages.

At trial, after the presentation of all evidence, the court determined that the hospital was negligent as a matter of law. The jury then found that the hospital's negligence caused plaintiffs' injuries. It awarded the child $139,400 and the parents $88,020.

Plaintiffs' claims for relief arose prior to tort-reform legislation establishing pro-rata liability among multiple defendants. Accordingly, the trial court applied Colo.Sess.Laws 1977, ch. 195, § 13–50.5–105 and required the amount of the settlement with the doctor to be subtracted from the total amount of damages awarded by the jury. Plaintiffs and the hospital stipulated that plaintiffs had settled their claims against the doctor for an amount greater than the jury verdict. The court therefore entered judgment for plaintiffs for zero in damages.

After trial, the mother applied to the probate court for approval of the earlier settlement with the doctor and allocation of the settlement proceeds. The probate court approved the settlement and, at the mother's request, allocated the proceeds as follows: $1,000 to each parent; $259,200 for attorney fees for plaintiffs' counsel; $65,038.44 for costs advanced by plaintiffs' counsel; $23,761.56 to be placed in a trust fund for the child; and the balance of $300,000 for the purchase of structured annuity benefits for the child, except that the parents would be reimbursed for loss of income and costs incurred before the child reached the age of majority.

Each party then moved to recover costs from the other. The court denied the motions.

### I.

Plaintiffs contend that the trial court erred in not entering judgment for the parents in the amount of the damages awarded by the jury, offset only by the $2,000 the probate court allocated to the parents at their request. We disagree.

■ Under § 13–50.5–105, as it read at the time of the child's injury, a release or covenant not to sue "does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release...." Thus, when the only injuries involved in an action are those for which all tortfeasors are jointly or severally liable, either the settlement amount or the amount provided for in the settlement document, whichever is greater, must be deducted from the total judgment against the remaining tortfeasor. *Greenemeier v. Spencer,* 719 P.2d 710 (Colo.1986).

Here, though the offer accepted before trial by plaintiffs is not in the record, it apparently did not include an allocation of the settlement amount among their separate claims or allow the parents and child separately to accept or reject the offer. Thus, the trial court was required to deduct the total unallocated settlement amount from the total judgment against the hospital.

Contrary to plaintiffs' argument, the fact that probate approval of the settlement and an allocation of the proceeds was necessary does not require a different result. The ostensible allocation of $2,000 to the parents ignored that they were also to be reimbursed their expenses out of the child's annuity payments. More importantly, plaintiffs are not entitled to manipulate after trial the allocation of an unallocated pre-trial settlement in order to increase further a total recovery already in excess of the damages determined by the jury. *See generally Kennedy v. Industrial Commission,* 735 P.2d 891 (Colo. App.1986).

In making its allocation of the settlement proceeds after trial, in a proceeding that did not include either · defendant, the probate court was concerned with protecting the best interest of the child, not with the impact of the allocation on the co-defendants. *See generally* C.R.P.P. 16; G. McPherson, *Personal Injury Settlements with Minors,* 21 Colo. Law. 1167 (1992). As the trial court noted,

to permit plaintiffs to apportion the pre-trial settlement in a manner that avoids the offset required by statute would undermine the jury's determination of the extent of the hospital's liability.

■ The purpose of the statutory scheme is to provide injury victims full compensation, not excess compensation. The only exception that has been recognized is for an injury victim who has taken the risk in settling before trial that he or she may receive less in settlement than the ultimate jury award. Having taken that risk, the injury victim should not be denied the benefit of what proves to have been a beneficial settlement. *See Kussman v. City & County of Denver,* 706 P.2d 776 (Colo.1985); *see also Smith v. Zufelt,* 880 P.2d 1178 (Colo.1994). It is that very possibility that encourages both injury victims and alleged tortfeasors to settle.

Plaintiffs' attempt to manipulate after trial an unallocated pre-trial settlement frustrates the statutory goal of avoiding excess recovery by increasing plaintiffs' compensation even beyond the settlement amount they are entitled to keep, with no corresponding social benefit. *See Kussman v. City & County of Denver, supra; see also Smith v. Zufelt, supra; Van Waters & Rogers, Inc. v. Keelan,* 840 P.2d 1070 (Colo.1992); *cf. Greenemeier v. Spencer, supra; Cox v. Pearl Investment Co.,* 168 Colo. 67, 450 P.2d 60 (1969). We therefore conclude that the trial court did not err in applying § 13–50.5–105 and entering a judgment which offset the settlement with the doctor and reduced the parents' award against the hospital to zero. *See Greenemeier v. Spencer, supra.*

II.

Plaintiffs next contend that, even if they may not collect any part of the judgment against the hospital, the trial court erred in concluding that they were not the prevailing parties at trial and thus not entitled to recover costs under C.R.C.P. 54(d) or § 13–16–104, C.R.S. (1987 Repl.Vol. 6A). We reverse and remand for reconsideration of whether to

award costs to plaintiffs under C.R.C.P. 54(d).

## A.

■ C.R.C.P. 54(d) provides: "Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." Thus, unless a statute or rule specifically prohibits an award of costs, the trial court may within its discretion award costs to the prevailing party. *Rossmiller v. Romero*, 625 P.2d 1029 (Colo.1981).

Here, in determining the prevailing party, the trial court applied the standard recited in *Odenbaugh v. County of Weld*, 809 P.2d 1059 (Colo.App.1990). The court in *Odenbaugh*, which likewise involved a request for costs under C.R.C.P. 54(d), had adopted the test articulated in *Overland Development Co. v. Marston Slopes Development Co.*, 773 P.2d 1112 (Colo.App.1989). A division of this court had held in *Overland* that, for a contractual award of attorney fees, the "prevailing party" must have "succeeded upon a significant issue presented by the litigation and must have achieved some of the benefits he sought in the lawsuit." *Overland Development Co. v. Marston Slopes Development Co., supra*, 773 P.2d at 1115.

In this case, plaintiffs received no monetary or other benefit from the jury's verdict and could not have done so unless the award exceeded $650,000. The trial court therefore concluded plaintiffs were not the prevailing parties.

In applying the test of "prevailing party" adopted in *Overland*, the trial court did not have the benefit of the holding in *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326 (Colo.1994). The supreme court in *Spencer* concluded that, except for the award of attorney fees in civil rights actions under 42 U.S.C. § 1988 (1994), the test of "prevailing party" applied in *Overland* was not appropriate for a contractual award of attorney fees. It articulated a different stan-

dard: the party in whose favor the decision or verdict on liability is rendered is the "prevailing party."

■ We are not aware of any reason, and the parties have suggested none, why the test of "prevailing party" for a contractual award of attorney fees would not apply to a request for an award of costs under C.R.C.P. 54(d). *See Odenbaugh v. County of Weld, supra* (applying test of "prevailing party" articulated in *Overland* for a contractual award of attorney fees to award of costs under C.R.C.P. 54(d)). While the supreme court in *Spencer* limited its holding to a contractual attorney fees award, it relied on cases involving claims for tort and civil rights violations and resulting in an award of costs pursuant to statute or rule. *See, e.g., Miles v. F.E.R.M. Enterprises, Inc.*, 29 Wash.App. 61, 627 P.2d 564 (1981); *Schafer v. Southern Ry. Co.*, 266 N.C. 285, 145 S.E.2d 887 (1966). We therefore conclude the test of "prevailing party" articulated by the supreme court in *Spencer* for a contractual award of attorney fees applies to an award of costs under C.R.C.P. 54(d). Arguably, in circumstances such as those presented here, no party prevailed. However, under the *Spencer* test, plaintiffs must be deemed the prevailing parties.

■ The hospital contends that plaintiffs' recovery of costs is, in any event, barred by § 13–16–104 because plaintiffs failed to recover any damages from it. Contrary to the hospital's argument, the statute sets forth the circumstances in which an award of costs is required; it does not specifically prohibit a discretionary award of costs in the absence of those circumstances. Thus, even if we were to assume that plaintiffs are not entitled to costs under § 13–16–104, an award of costs is not thereby prohibited under C.R.C.P. 54(d). *See Rossmiller v. Romero, supra.*

In summary, we conclude the trial court erred in its determination that, because plaintiffs ultimately recovered nothing from the hospital, they were not the prevailing parties for purposes of C.R.C.P. 54(d). The

cause must therefore be remanded to the trial court for consideration of whether, in its discretion, to award plaintiffs costs. *See Rossmiller v. Romero, supra.*

### B.

■ Plaintiffs also contend that the trial court erred in denying their motion for costs on the basis of § 13–16–104. However, neither the trial court's order nor plaintiffs' bill of costs references this statute. Because nothing in the record indicates plaintiffs based their claim for costs in the trial court on § 13–16–104, we will not consider this argument on appeal. *See Wilson v. Board of County Commissioners,* 703 P.2d 1257 (Colo. 1985); *Hoffsetz v. Jefferson County School District No.* R–1, 757 P.2d 155 (Colo.App. 1988).

### III.

On cross-appeal, the hospital contends the trial court erred in denying its motion to recover costs under § 13–17–202(1)(a)(II), C.R.S. (1995 Cum.Supp.) because, as a result of the offset of the judgment by the settlement with the doctor, plaintiffs failed to obtain a verdict in excess of the hospital's offer of settlement. It contends that the same statute prevents an award of costs against it even if plaintiffs were otherwise the prevailing parties. We conclude that the statute is not applicable in the circumstances presented here.

Section 13–17–202(1)(a)(II) provides that:

If the defendant serves an offer of settlement at any time more than ten days before the commencement of the trial that is rejected by the plaintiff and the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff.

■ The statute is intended to encourage the settlement of litigation by imposing upon a party rejecting a reasonable offer of settlement but recovering less than the amount of the offer all of the post-offer costs of the offeror. *See Taylor v. Clark,* 883 P.2d 569 (Colo.App.1994). In that event, the party making the offer not only may recover its actual costs accruing after the offer of settlement, but also may avoid an award of post-offer costs against it, even though the other party is determined to be the prevailing party. *See Centric–Jones Co. v. Hufnagel,* 848 P.2d 942 (Colo.1993).

■ However, an offer of settlement made to multiple plaintiffs must apportion the settlement amount among the plaintiffs and allow each plaintiff to decide independently whether to settle. Otherwise, an individual plaintiff cannot independently weigh the risks and benefits of the offer against the judgment that may be obtained for that plaintiff. *Taylor v. Clark, supra.*

■ Here, the hospital does not contest that it made an unapportioned offer of settlement to plaintiffs. It nevertheless argues that *Taylor* is distinguishable because in that case the plaintiffs sued the defendant for separate personal injuries while here the parents' claims were derivative of the child's cause of action. We find the suggested distinction untenable.

Though the parents' claims were derivative, they were distinct. The parents sought damages to compensate them for the loss of the child's services and for medical and other expenses they had incurred and would continue to incur until the child reached the age of majority or became emancipated. The child sought damages for past and future mental suffering, loss of life enjoyment, medical and other expenses after reaching the age of majority or becoming emancipated, and loss of earnings or impaired earning capacity.

The determination of the damages incurred by the parents and the child required separate calculations and considerations. The unapportioned nature of the offer still effectively prevented plaintiffs from intelligently weighing the separate risks and bene-

fits to the parents and the child and from independently deciding whether to accept the offer. *See Taylor v. Clark, supra.* It likewise prevents appellate review of whether the parents and child, on their separate claims, recovered a final judgment in excess of the amount offered, as required for an award of costs by § 13–17–202(1)(a)(II).

We therefore conclude that the trial court did not err in denying the hospital's motion to recover costs under § 13–17–202(1)(a)(II) and that the statute does not prevent an award of costs against the hospital. *See Taylor v. Clark, supra.*

The judgment is affirmed. The post-trial order denying costs is affirmed in all respects, except as to the denial of costs to plaintiffs. That portion of the order is reversed, and the cause is remanded for reconsideration of whether, in the trial court's discretion, to award plaintiffs costs under C.R.C.P. 54(d).

MARQUEZ and KAPELKE, JJ., concur.