**Carlos PASTRANA, Plaintiff–Appellant,**

v.

**Tracy A. HUDOCK, Defendant–Appellee.**

**No. 04CA1928.**

Colorado Court of Appeals,
Div. IV.

Feb. 23, 2006.

Certiorari Denied June 26, 2006.

Lloyd C. Kordick & Associates, Lloyd C. Kordick, Colorado Springs, Colorado, for Plaintiff–Appellant.

Walberg, Dagner & Tucker, P.C., Andrew A. Scott, Centennial, Colorado, for Defendant–Appellee.

VOGT, J.

Plaintiff, Carlos Pastrana, appeals the trial court order denying his motion for costs in his personal injury action against defendant, Tracy A. Hudock. We affirm.

In his original complaint, plaintiff alleged that he had suffered physical injuries when defendant "negligently and recklessly caused her vehicle to strike Plaintiff's person, causing him to fall backwards onto the pavement." In an amended complaint filed nineteen months later, plaintiff added a claim for outrageous conduct based on defendant's actions at the time of the incident and afterward.

At the conclusion of the trial, the jury found for plaintiff on his outrageous conduct claim and awarded him $2,000 as noneconomic damages. On the negligence verdict form, the jury found that plaintiff had injuries, damages, or losses; that both parties were negligent; and that both parties' negligence was a cause of plaintiff's claimed injuries, damages, or losses. However, it awarded no damages on the negligence claim.

Both parties sought recovery of their costs. Following a hearing, the trial court ordered each party to pay its own costs. Noting that it had "assessed the outcome of this case in its overall context," in accordance with *Archer v. Farmer Bros. Co.*, 90 P.3d 228 (Colo. 2004), the court found that defendant had prevailed on the negligence claim; plaintiff had prevailed on the outrageous conduct claim, but the amount of the award on that claim was "relatively nominal"; and most of plaintiff's claimed costs, which totaled $20,390.96, were incurred in connection with the negligence claim.

## I.

As an initial matter, we decline to strike portions of plaintiff's opening brief, as defendant has requested. However, we will disregard statements of fact in either party's brief that are unsupported by the record or irrelevant to the issues on appeal, and we will not search the record for evidence to support allegations of error. *See Mauldin v. Lowery*, 127 Colo. 234, 255 P.2d 976 (1953); *Brighton School District 27J v. Transamerica Premier Insurance Co.*, 923 P.2d 328 (Colo.App.1996), *aff'd*, 940 P.2d 348 (Colo.1997).

## II.

Plaintiff contends that he was the prevailing party in this action and that the trial

court therefore abused its discretion in denying him his costs. We disagree.

## A.

■ Plaintiff's motion for costs was based on C.R.C.P. 54(d), which provides for an award of costs to the "prevailing party" in an action. In *Archer v. Farmer Bros. Co., supra,* on which the trial court relied, the supreme court upheld an award of costs to the defendants as prevailing parties under C.R.C.P. 54(d), rejecting the plaintiff's contention that he should have been awarded costs because he prevailed on an outrageous conduct claim against the defendants. In so ruling, the supreme court summarized principles applicable to the issue presented here:

- An award of costs pursuant to C.R.C.P. 54(d) is committed to the discretion of the trial court and will be disturbed only if it is manifestly arbitrary, unreasonable, or unfair.

- A "prevailing party" is one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation. When a case involves multiple claims, some of which are successful and some of which are not, the trial court has sole discretion to determine who is a prevailing party, even if the claims are filed by only one party.

- In multiple claim cases, where either party could arguably be considered the prevailing party, the trial court is to evaluate the relative strengths and weaknesses of each party's claims, the significance of each party's successes in the context of the overall litigation, and the time devoted to each claim.

*Archer, supra,* 90 P.3d at 230–31; *see also Farmers Reservoir & Irrigation Co. v. City of Golden,* 113 P.3d 119 (Colo.2005)(applying *Archer* analysis and concluding that award of costs to city as prevailing party was not abuse of discretion even though city's counterclaims had been dismissed prior to trial); *Remote Switch Systems, Inc. v. DeLangis,* 126 P.3d 269 (Colo.App.2005)(applying *Archer* in rejecting employee's contention that he should have been designated the prevailing party after all claims and counterclaims ex-cept his counterclaim for additional wages had been dismissed).

We conclude the trial court properly applied *Archer* and did not abuse its discretion in ruling that each party had prevailed in part and thus should pay its own costs.

Considering the "significance of each party's successes in the context of the overall litigation," *Archer, supra,* 90 P.3d at 231, the court found that the amount awarded plaintiff on the outrageous conduct claim was "relatively nominal." Plaintiff has provided no record showing that that factual finding was incorrect. Further, in light of the jury's refusal to award any damages on the negligence claim, the trial court could conclude that plaintiff had not "succeeded" on that claim or derived any benefits from it. The court also properly considered the time devoted to each claim, *see Archer, supra,* 90 P.3d at 231, and found that most of the costs plaintiff was seeking to recover were in support of the claim on which he did not prevail. Again, there is nothing in the record before us to suggest that that finding is incorrect.

Plaintiff argues that the trial court was required to find that he was the prevailing party on the negligence claim because, even though the jury awarded no damages on that claim, it found defendant liable. In support of his argument, plaintiff relies on *Dennis I. Spencer Contractor, Inc. v. City of Aurora,* 884 P.2d 326 (Colo.1994), and *Weeks v. City of Colorado Springs,* 928 P.2d 1346 (Colo. App.1996). We conclude these cases do not require reversal of the cost award here.

In *Spencer,* the supreme court held that "where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees." *Spencer,* 884 P.2d at 332. However, the rationale for the *Spencer* court's holding was that awarding fees to the breaching party under a contractual "prevailing party" attorney-fee provision simply because the breaching party was not assessed damages would "effectively confer a benefit upon a party for violating its own agreement." *Spencer, supra,* 884 P.2d at 330. Thus, *Spencer* was specifically based on contract principles; and the fact that the

*Archer* court did not cite *Spencer* at all strongly suggests that it did not view the *Spencer* test as applicable in tort cases.

In *Weeks,* a division of this court acknowledged that "the supreme court in *Spencer* limited its holding to a contractual attorney fees award," but nevertheless concluded that the *Spencer* definition of "prevailing party" applied to a C.R.C.P. 54(d) cost award in a personal injury case. *Weeks, supra,* 928 P.2d at 1350. However, *Weeks* was decided before the supreme court announced *Archer.* We view *Weeks* as inconsistent with *Archer* and therefore decline to follow it here.

### B.

 We likewise reject plaintiff's contention that he should have been deemed the prevailing party because the jury's award on the outrageous conduct claim was twice the amount of defendant's previous $1,000 offer of settlement.

Plaintiff would have been entitled to an award of his costs under § 13–17–202(1)(a)(I), C.R.S.2005, if he had himself made a written settlement offer and then recovered a judgment in excess of the amount offered. Here, however, the settlement offer was made by defendant, not by plaintiff. We are aware of no authority that would entitle plaintiff to a cost award simply because he recovered an amount in excess of defendant's settlement offer.

### C.

Plaintiff also suggests that he should be deemed the prevailing party because, under *Peterson v. Tadolini,* 97 P.3d 359 (Colo.App. 2004), announced after judgment entered in this case, he would have been entitled to damages on the negligence claim based on the jury's finding of liability. However, as plaintiff appears to recognize, he may not challenge the jury verdict itself based on *Peterson* because he did not file a timely notice of appeal following the June 30, 2004, judgment entered on that verdict. *See* C.A.R. 4(a). We also note that, even under

*Peterson,* plaintiff would not have been entitled to damages if the jury concluded that his injuries were de minimis. *See Lee's Mobile Wash v. Campbell,* 853 P.2d 1140 (Colo.1993); *Steele v. Law,* 78 P.3d 1124 (Colo.App.2003).

### D.

On appeal, plaintiff also cites § 13–16–104, C.R.S.2005, which provides that a successful plaintiff in a personal injury action "shall have judgment" to recover his costs, as a basis for a cost award here. However, in the trial court, plaintiff's motion sought costs "pursuant to C.R.C.P. 54," for the reason that plaintiff was "the prevailing party, having exceeded the Defendant's offer in this case of $1,000.00." His bill of costs likewise sought costs pursuant to § 13–17–202, C.R.S. 2005, and C.R.C.P. 54(d). Although he referenced § 13–16–104 in his reply in support of his motion for costs, he cited the statute only for the proposition that he had a right to recover costs as the "prevailing party," and did not suggest that the statute afforded a basis for costs apart from his status as a prevailing party.

Because plaintiff did not so argue in the trial court, we do not decide whether § 13–16–104 would entitle plaintiff to costs notwithstanding the trial court's discretion to determine the prevailing party under C.R.C.P. 54(d). *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992).

The order is affirmed.

Chief Judge DAVIDSON and Justice ROVIRA * concur.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2005.